# Mason *v.* The State.

## *Burglary.*

(Decided Jan. 21, 1908.  45 South. 472.)

*Burglary; Evidence; Commission of Offense by Another.*—It being proper in a criminal case to admit all evidence offered by defendant which may legitimately shed light on the question of who committed the offense, defendant was entitled to show that the son of the person from whom the pistol is alleged to have been stolen owed one L. a certain sum of money and that he promised to get his father's pistol and give it to L. in payment of the debt and that on the morning after the burglary alleged he did give the pistol to said person; especially where the only evidence was from the son of the owner of the house who testified that when he entered the house he found defendant there.

APPEAL from Choctaw Circuit Court.

Heard before Hon. John T. LACKLAND.

Walter Mason was convicted of burglary, and appeals. Reversed and remanded.

The charges requested and refused to the defendant are as follows: "(1) Before you can convict a defendant, each of you must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every

rational conclusion. Unless each of you are so convinced by the evidence of the defendant's guilt that each of you would each venture to act upon that decision in matters of highest concern and importance to your own interest, then you must find the defendant not guilty. (2) If you would not be willing to act on the evidence in this case if it was in relation to matters of the most solemn importance to your own interest, then you must find the defendant not guilty."

J. M. MILLER, for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

SIMPSON, J.—The defendant (appellant) was convicted of the crime of burglary. While it is difficult, if not impossible, to lay down any definite rule as to what collateral facts are admissible in evidence, yet it may be said to be proper to admit all evidence offered by the defendant which may legitimately throw light upon the question as to who committed the offense. In this case the defendant was charged with breaking and entering the dwelling of Ed Young, while said Young and family were at church, and taking therefrom a pistol. The only testimony which connected the defendant with the crime was that of Herbert Young, a son of said Ed Young, who testified that he reached the house before the rest of the family, as they were coming from church, and that he found the defendant in the house, which had been broken open.

The defendant sought to prove, by cross-examination of said Herbert Young and by questions to other witnesses, that said Herbert Young owed one Lampley $12; that he had promised said Lampley that he would get

his father's pistol and give it to him in payment of said debt; and that on the morning after the burglary he did give said pistol to said Lampley—all of which testimony was excluded by the court. It is evident that if these facts were true they might have thrown some light upon the question of the value of the testimony of said witness, and also have had a tendency to raise a doubt as to whether the defendant was the culprit. Consequently the court erred in excluding said testimony.

The two charges requested by the defendant have frequently been condemned by this court, and were consequently properly refused.—*Shelton v. State,* 144 Ala. 106, 113, 42 South. 30.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.