# Davis *v.* The State.

## *Assault and Battery.*

### (Decided May 15, 1913. 62 South. 382.)

1. *Evidence; Commission of Crime by Third Person.*—Where the evidence connecting defendant with the commission of the crime was circumstantial, defendant may show by direct or by circumstantial evidence that another person committed the offense, and had a motive for committing it; as where the evidence was circumstantial, that accused threw a bottle from a train, injuring a child on a platform, it was competent for defendant to show that a third person on the train had had a difficulty with a negro as he boarded the train, and that during the trip, he had stated that he would throw a bottle at a negro at another station, and that before reaching the other station he had gathered together several bottles with the statement that he would hit the first nigger he saw, and that shortly after the occurrence at the station, where it is charged defendant threw the bottle, such third person disappeared from the locality in which he lived.

2. *Same.*—Where there is doubt as to which of two persons committed the criminal act, it may be dispelled by showing that the act was but a continuation of conduct in which one of them had been engaged just prior to the commission of the act, and was carrying out intentions recently expressed, and for which such other had made preparations, and that immediately following the act, such other took measures of protection against the consequences of it to himself.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Rice Davis was convicted of assault and battery and he appeals. Reversed and remanded.

LACY & LACY, for appellant. The court erred in refusing to admit testimony as to the acts and declarations of Posey relative to throwing bottles, and as to his preparation made to carry out his threat.—21 A. & E Enc. of Law, 229.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence offered by the defendant to incriminate the third party,

Posey, was inadmissable. It was merely suggestive of his guilt.—*Banks v. State,* 72 Ala. 522; *Prince v. State,* 100 Ala. 148; *Brown v. State,* 120 Ala. 342, 348.

WALKER, P. J.—While the train on which the defendant was a passenger was standing at the station at Townley, some one who was in the smoking compartment between the white and colored sections of the smoking car threw a bottle which struck a child on the station platform, inflicting an injury which at the time seemed to be a serious one. There was direct evidence tending to prove that the defendant was in the compartment mentioned at the time, and that he was in an intoxicated condition, and there was circumstantial evidence tending to prove that he was the person who threw the bottle. On the other hand, there was direct evidence tending to prove that the defendant was not in that compartment when the bottle was thrown, and that one Posey, who also was intoxicated, was there at that time, and there was circumstantial evidence tending to prove that Posey threw the bottle. By sustaining objections interposed by the solicitor the court denied the defendant the opportunity of proving that Posey had a difficulty with a negro as he was getting on the train at Birmingham and kicked the negro off the train; that during the trip he had been saying that he would throw a bottle at any negro he saw on the outside; that he had thrown out a bottle at a negro at Quinton, another station; that before reaching still other stations during the trip he gathered several bottles about him and said he was going to hit the first negro he saw; and that shortly after the occurrence at Townley he disappeared from that locality, in which he had been living up to that time. Exceptions were duly reserved to the action of the court in excluding this evidence.

Of course it was permissible for the defendant to seek to rebut the circumstantial evidence against himself by adducing evidence, direct or circumstantial, tending to prove that some one other than himself was guilty of the offense charged and had a motive to commit it.— *McDonald v. State,* 165 Ala. 85, 51 South. 629; *Mason v. State,* 153 Ala. 46, 45 South. 472; *Tatum v. State,* 131 Ala. 32, 31 South. 369. We are unable to escape the conclusion that the circumstances of which evidence was excluded were such as, when considered in connection with the admitted direct and circumstantial evidence pointing to Posey as the guilty person, had some tendency to incriminate him and by so doing to exculpate the defendant. If Posey himself had been on trial for the offense in question, and the direct and circumstantial evidence which was admitted in this case had been adduced, it is not to be doubted that that evidence would have been strengthened as against him by the addition of evidence of the circumstances which in this case the court refused to permit to be proved. The admitted evidence, pointing, as it did, towards both Posey and the defendant, might have left in the mind of one seeking to determine which of them was the guilty party a doubt which might have been resolved against Posey and in favor of the defendant upon a consideration of it in its connection with evidence of the further circumstances that Posey's intoxicated condition had been manifesting itself in exhibitions of hostility or resentment against negroes, that he had been engaged, when passing other stations, in throwing out bottles in drunken attempts to hit any negro in sight, that he had continued to keep himself in readiness to commit such an offense as the one which was committed at Townley, and that after he realized the result of what occurred at that place he avoided peril to himself by flight. Evidence of

such conduct on his part would have been proper to go to the jury to be considered by them in connection with other circumstances tending to connect him with the crime charged.—*Spraggins v. State*, 139 Ala. 93, 35 South. 1000. Evidence having such a tendency to prove that one person committed the offense for which another is sought to be convicted should be as available to the latter as it would have been against the former if the charge had been made against him.

A doubt as to which of two persons committed a certain act may be dispelled by evidence going to show that such an act was but a continuation of conduct in which one of them had been engaged just prior to the time in question, and carried out threats or intentions which he had very recently expressed and for which he had been making preparation, and that immediately following the act he took measures of protection against the consequences of it to himself. We do not think that it can with plausibility be denied that the excluded evidence as to the manner in which Posey's drunken condition had been manifesting itself throughout the trip could properly be regarded, in connection with other facts in evidence, as pointing to him as the one who was guilty of the offense in question. The conclusion is that the circumstances above mentioned, evidence of which was excluded, were such as, in their connection with other circumstances disclosed by the admitted evidence, might throw some light on the question of who committed the offense with which the defendant was charged and have some tendency to raise a doubt as to whether he was guilty of it, and that the court erred in excluding evidence of those circumstances.

Reversed and remanded.