(78 South. 636)

MALLORY S. S. CO. v. DRUHAN.
(1 Div. 259.)

(Court of Appeals of Alabama. April 16, 1918.)

1. APPEAL AND ERROR �kö 979(2)—REVIEW— NEW TRIAL.

Upon an appeal from an order granting a new trial, the order will not be reversed, unless the evidence plainly and palpably supports the verdict.

2. NEW TRIAL �kö 29—MISCONDUCT OF COUNSEL.

In an action by a casualty company subrogated to insured's rights against a steamship company for personal injuries, a statement by defendant's counsel that the insurer had collected premiums for the policy, and the jury ought not to allow it to recover the loss paid, was misconduct, warranting a new trial.

Appeal from Circuit Court, Mobile County; Samuel B. Browne, Judge.

Action by Nicholas Druhan against the Mallory Steamship Company. Judgment for defendant, and from an order granting a new trial, defendant appeals. Affirmed.

Action in the name of plaintiff for the benefit of his insurer to recover a sum paid by it for personal injuries sustained by one covered by an insurance policy issued to the plaintiff. The Georgia Casualty Company issued to Nicholas Druhan, a stevedore in Mobile, an employer's liability policy of insurance covering the period from July 15, 1914, to July 15, 1915. Monroe Higgins, an employé of Druhan, was injured while assisting in loading the steamer Shawmut on December 31, 1914, by the falling of the derrick which was used in the loading of the ship. Higgins made claim against Druhan, and the same was settled by the insurance company. Under the terms of the contract of insurance, the insurance company became subrogated to the rights of Druhan, and instituted suit against the defendant in Druhan's name to recover the amount paid out by it. The main issue in the case was whether Druhan was loading the steamer Shawmut for the defendant, and whether the defendant was under obligation to furnish good and sufficient apparatus for the hoisting of the cargo aboard said steamship. There were other issues presented, which do not seem to have been seriously contested.

During the argument, defendant's counsel said to the jury, in substance, that the suit of the plaintiff was for the benefit of an insurance company which had issued its policy to protect plaintiff against liability, and received a premium for doing so; that this was its line of business, and the jury ought not to allow an insurance company which had collected premiums for issuing its policy to get the money back. This argument was objected to by the plaintiff's counsel, and the court sustained the objection, but gave no further instructions to the jury regarding it, nor did the court make any effort ex mero motu to counteract any evil effect the statement may have had upon the jury. There was verdict and judgment for the defendant, whereupon plaintiff made its motion to set aside the verdict, and to grant a new trial, which motion was granted, and from the granting of this motion, the defendant appeals.

Bestor & Young, of Mobile, for appellant. Harry T. Smith & Caffey, of Mobile, for appellee.

SAMFORD, J. [1] On appeal in cases granting a new trial, the appellate court will not reverse the order, unless the evidence plainly and palpably supports the verdict. This has been the rule in this state since the case of Cobb v. Malone et al., 92 Ala. 630, 9 South. 738. We have examined carefully the

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 75 South. 875.

evidence as disclosed by the bill of exceptions, and we cannot say that the action of the trial court is such as would warrant us in reversing its finding. For the reason that this case must be tried again, we refrain from a discussion of the evidence here presented.

[2] In addition to the above, the court might well have set aside the verdict of the jury and granted a new trial on account of the remark made to the jury by the defendant's counsel. This remark was not warranted by any phase of the testimony, and could have had but one tendency; i. e., to have prejudiced the minds of the jury against the plaintiff's case and in favor of the defendant. Counsel should not be permitted to obtain verdicts by other than fair presentations of their causes upon the facts and legitimate argument based upon them, and when verdicts are otherwise obtained, they should be promptly set aside by the trial courts. This question has been so thoroughly and fully discussed in the case of B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037, that we deem it unnecessary to comment further.

We find no error in the record, and the judgment is affirmed.

Affirmed.