(86 South. 158)

PERDUE v. STATE.   (6 Div. 652.)

(Court of Appeals of Alabama.  June 15, 1920.)

1. ROBBERY  &#9734;24(6)—EVIDENCE HELD INSUFFICIENT TO IDENTIFY DEFENDANT IN ASSAULT TO ROB.

In a prosecution for assault with intent to rob, evidence *held* insufficient to identify defendant as the guilty party.

2. CRIMINAL LAW  &#9734;720(5)—ARGUMENT OF SOLICITOR THAT NEGROES WILL COMMIT PERJURY TO CLEAR ONE OF THEIR OWN RACE HELD ERROR.

In a prosecution of a negro for assault with intent to rob, argument by the solicitor to the jury that they knew the negro race, and that when one negro gets into trouble the others all come in and swear lies to get him out, *held* prejudicial error, where defendant had established a perfect alibi by witnesses of his own race.

3. WITNESSES  &#9734;268(1)—CROSS-EXAMINATION AS TO OCCURRENCE AT TIME OF DEFENDANT'S ARREST HELD ERRONEOUSLY REFUSED.

In a prosecution for assault with intent to rob, where a state's witness had testified as to what took place at defendant's home at the time of defendant's arrest, it was error to refuse defendant the right to cross-examine as to such matters.

4. ROBBERY  &#9734;23(1)—EVIDENCE AS TO ACTS OF SHERIFF AND ANOTHER, WHERE DEFENDANT WAS ARRESTED, HELD ADMISSIBLE.

In a prosecution for assault with intent to rob, where a witness at whose house defendant was arrested had testified that the sheriff and another came to her house that night, it was error to exclude evidence as to what, if anything, they did in such house.

5. CRIMINAL LAW  &#9734;393(4) — EXAMINATION OF DEFENDANT'S SHOES WHILE HE WAS ON THE WITNESS STAND HELD ERROR.

In a prosecution for assault with intent to rob, where during the examination of defendant the solicitor brought a state's witness into the courtroom, and after a whispered conversation in the presence of the jury such witness made an examination of defendant's shoes, such conduct constituted reversible error.

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Caffe Perdue was convicted of assault with intent to rob, and he appeals. Reversed and remanded. The grounds for new trial were: First, that the evidence was all circumstantial; and, second, third, and fourth, that

---

&#9734;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the verdict was contrary to the law and evidence; and fifth, that the argument of the solicitor (which appears in the opinion) was highly improper and prejudicial.

Paine Denson, of Cullman, for appellant.

The defendant's motion for a new trial should have been granted. 16 Ala. App. 61, 75 South. 267.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No evidence was offered in support of the motion, and it will therefore not be considered. 16 Ala. App. 545, 79 South. 804. Grounds 2, 3, and 4 are general. 12 Ala. App. 463, 68 South. 541. The solicitor's remarks were not prejudicial or improper. 139 Ala. 109, 35 South. 651; 115 Ala. 109, 22 South. 479; 80 South. 158. Dr. Yielding's evidence was competent. 4 Mitchie's Ala. Dig. 127.

BRICKEN, P. J. The indictment contained two counts, the first charging the defendant with assault with intent to murder one C. T. Lambert; and the second count charged him with the offense of assault with intent to rob Lambert. The conviction of the defendant under the second count of the indictment followed, and from this judgment, defendant appeals.

[1] Circumstantial evidence was relied upon solely to connect the defendant with the commission of this offense, and after a careful consideration of all the evidence, we must conclude that this evidence was indeed vague and uncertain so far as showing that this defendant was the guilty party.

Numerous rulings of the court on the evidence are insisted upon as error. The refusal of several special charges in writing and the overruling of defendant's motion for a new trial are also urged as being prejudicial error necessitating a reversal of the judgment of conviction.

Pretermitting a discussion of many of the numerous questions presented on this appeal, we are of the opinion that several grounds of the motion for a new trial were meritorious and well taken, and that the court erred in its rulings in this connection.

[2] Furthermore, we think the court committed error in overruling the objection interposed to the portion of the solicitor's argument to the jury, where he used this language:

"Yes, gentlemen of the jury, you know the negro, and you know that when one gets into trouble the others all come in and swear lies to get him out."

The above excerpt of the solicitor's argument is made the basis of the fifth ground of the motion for new trial. However, the exception as it really appears from the record is as follows:

"Yes, gentlemen, you all know as a matter of common knowledge that when one negro gets into trouble all the balance flock together and will swear lies to get him out."

It occurs to us that either one of these statements was a direct appeal to the prejudice of the jury against the witnesses who testified for defendant, and by whom the defendant had proven a perfect alibi, which, if believed by the jury, would have resulted most certainly in his acquittal. By several unimpeached negro witnesses for the defendant, it was shown conclusively, if their testimony was to be believed, that the defendant was at the home of witness Belle De Jarnette and his wife, which was some distance, about a quarter of a mile, away from the store of Mr. Lambert, at the very time the alarm was given and the hollering occurred, which Lambert himself testified all took place during the time of the actual robbery. As a general rule, people of the same class or race mingle and associate together, and in this instance the defendant earnestly insists that he was with those people of his own race when the offense was committed, and in this insistence he is corroborated thoroughly by several witnesses of that race of people. It would indeed be a harsh and unjust rule to hold that, merely because a man associates with his own race of people, and because these people in response to due process of law appear in court and testify in his behalf, they cannot be believed simply because they are of the same race of people to which the defendant belongs. This holding is in line and is authorized by many adjudications in this and other states. A case directly in point is that of Simmons v. State, 14 Ala. App. 103, 71 South. 979, where the court said:

"The fact that the defendant was of the negro race did not deprive him of the equal protection of the law, or necessarily discredit his testimony, and should not have been used in the argument as a means of arraying the prejudices of the jury against him."

It has also been held that—

"It is the duty of the court to see that the defendant is tried according to the law and the evidence, free from any appeal to prejudice or other improper motive, and this duty is emphasized when a colored man is placed upon trial before a jury of white men." James v. State, 170 Ala. 72, 54 South. 494.

Courts in some other jurisdictions have held, on what seems to be good reason, that the injury done by such remarks (as here) cannot even be atoned by the retraction or the ruling out of the remarks. James Case, supra; Cassemus v. State, 16 Ala. App. 61, 75 South. 267. At least it is error, as held

by our own courts, for such remarks to be allowed to go to the jury. Moulton v. State, 199 Ala. 411, 74 South. 454.

Without a further discussion of this question, which of itself is decisive of this appeal, we refer to the case of Tannehill v. State, 159 Ala. 51, 48 South. 662. In this case practically the same language used by the solicitor was severely condemned by the Supreme Court, the language there being:

"Why, gentlemen, if you acquit this man on such an alibi as this, you can never expect to convict another negro of crime in this county. You know the negro race, how they stick up to each other when accused of crime, and that they will always get up an alibi, prove it by perjured testimony of their own color, and get their accused companion clear if they can."

In that case citation of many authorities is made, each of which clearly sustain the correctness of this holding. Tannehill's Case, supra.

On the trial of this case the injured party, Mr. Lambert, did not undertake to identify the defendant as being the guilty party; to the contrary, he testified that he could not say whether the man who assaulted and robbed him was a white man or a negro. He did say, however, that the man who committed the crime wore a cap, and had on pants; he positively stated that the man who assaulted him did not have on overalls. The evidence is without dispute that the defendant wore overalls on that afternoon. Notwithstanding Mr. Lambert swore positively that the man who assaulted him wore pants and not overalls.

[3, 4] State witness Dr. Yielding on direct examination was permitted to testify what took place at defendant's home at the time of the arrest of this defendant and another by the sheriff, and also as to some conversation which occurred there at that time. On cross-examination of this witness the court sustained the state's objection to several questions propounded by defendant's counsel to this witness relative to the same matter. In these rulings there was error. It was competent for the defendant to cross-examine this witness on these matters, and the court should have permitted this cross-examination. The same is true as to the direct examination of witness Fraszie De Jarnette. She testified that "the sheriff and Dr. Yielding came to my house that night." Counsel for defendant thereupon propounded this question: "State what, if anything, they did in your house." The court sustained the state's objection to this question, and defendant duly and legally excepted. Upon what theory the objection was made and sustained we are unable to understand. The question was objected to without stating any grounds upon which the objection was predicated. The question called for relevant and competent testimony, and the general objection should have been overruled. Witness Yielding had testified for the state what he and the sheriff did that night at the house of defendant, and certainly under all rules of evidence the defendant was entitled to rebut this testimony.

The defendant testified as a witness in his own behalf, was cross-examined by the solicitor, and, while being examined on the redirect, the following incident occurred over the strenuous objection of defendant:

"At this point the solicitor brought the witness Dr. Yielding into the courtroom, and they had a whispered conversation in the presence of the jury; after which said witness made an examination of the shoes that the defendant had on at the time of the trial. The defendant objected to the solicitor having said witness come in in such manner and examine the shoes of the defendant in the presence of the jury, on the ground that it was highly prejudicial to the rights of the defendant, was not legal evidence against him, and was taking undue advantage and tended to prejudice the jury against the defendant."

[5] The court overruled defendant's objection to this action of the solicitor and Dr. Yielding, and also overruled the following motion in this connection:

"Whereupon the defendant moved the court to instruct the jury that said acts of the solicitor and said witness was highly prejudicial to the rights of the defendant, was not legal evidence, and was taking an undue advantage of the defendant, and tended to prejudice the jury against the defendant."

In this connection we are of the opinion that, even if some portions of the above objections were not well expressed or well taken, the occurrence complained of was indeed unusual, unfair to the defendant, and calculated to be highly prejudicial to his substantial rights in the premises. Conduct of this character was calculated to impair the rights of the defendant and militate against his having the fair and impartial trial contemplated by the Constitution. We are satisfied that the jury was improperly influenced by this occurrence. Occurrences of similar nature (but of less gravity) to the one complained of here have been expressly condemned by the Supreme Court of this state. See Cooper v. State, 86 Ala. 610, 6 South. 110, 4 L. R. A. 676, 11 Am. St. Rep. 84; Davis v. State, 131 Ala. 10, 31 South. 569.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.