(94 South. 271)

## GRISSETT v. STATE. (4 Div. 797.)

(Court of Appeals of Alabama. June 30, 1922. On Rehearing, Oct. 24, 1922. Second Rehearing Denied Oct. 31, 1922.)

1. **Criminal law** ⚫1159(6) — **Conviction on circumstantial evidence tending to show guilt not disturbed.**

A conviction for having in possession a still for the manufacture of intoxicating liquor will not be disturbed, where the evidence was largely circumstantial, but tended to connect defendant with the possession of the still, and was sufficient to authorize the verdict.

2. **Criminal law** ⚫1144(18) — **Presumption in favor of ruling on motion for new trial after oral evidence not changed by statute.**

The presumption given by appellate courts in favor of the judgment of lower courts on motion for new trial, where the evidence is oral, was not affected by Acts 1915, p. 722, authorizing review of rulings on motions for a new trial, and providing that no presumption in favor of the correctness of the judgment of the court appealed from shall be indulged by the appellate court.

3. **Criminal law** ⚫1169(11) — **Testimony federal officer had been in defendant's home on other occasions held not prejudicial.**

In a prosecution for violating the liquor laws, testimony that a federal officer had been in the house of defendant on former occasions was not incriminating, and its admission over defendant's objection was not reversible error.

---

**4. Criminal law ⬿424(6)—Evidence of flight of another held inadmissible in defendant's behalf.**

In a prosecution for possessing a still, evidence that the officer making the arrest directed defendant and another to appear the next day and give bond, and that defendant did so, but that the other had fled, is inadmissible in defendant's behalf, since the flight of the other did not disprove defendant's possession of the still, which might have been jointly with the other.

**5. Witnesses ⬿379(3)—Cross-examination as to statement of opinion concerning finding of whisky in house of another held immaterial.**

In a prosecution for possessing a still, where the evidence tended to show possession both by defendant and another, questions asked an officer to lay a predicate as to what he had said was his opinion about finding whisky in the other's house was immaterial, and its exclusion was not error.

**6. Criminal law ⬿683(1)—Testimony in rebuttal as to conversation denied by defendant held not erroneous.**

In a prosecution for possessing a still, where defendant in his testimony had denied any such conversation, it was not error to permit a witness for the state in rebuttal to testify that he told defendant at the still that the still trough being used there was one that witness had found on a previous occasion at defendant's house.

On Rehearing.

**7. Criminal law ⬿938(1)—Newly discovered evidence as to possession of still by another held to require new trial.**

Newly discovered evidence that witness had been to the still defendant was convicted of possessing, about a week before the officers found it, and that another was then operating the still, and that the other later inquired of witness if he had heard about the officers getting his still, would have been competent on behalf of defendant, and was not merely cumulative, so as to require a new trial, where the evidence as to defendant's possession of the still was circumstantial, and the still, although on his land, was on land which he had leased to another, and was nearer to the houses of the lessee and the person seen operating the still than to defendant's house.

Merritt, J., dissenting.

Appeal from Circuit Court, Pike County; W. L. Longshore, Judge.

Cam Grissett was indicted under two counts; the first charging him with manufacturing liquor, and the second having in his possession a still, etc. From a judgment convicting him under the second count defendant appeals. Reversed and remanded.

Certiorari denied, Ex parte State ex rel. Davis, 94 South. 274.

W. E. Griffin, of Troy, for appellant.

Any evidence tending to show that some other person committed the crime is admissible. Ante, p. 116, 90 South. 135; 115 Ala. 42, 22 South. 551; 54 Ala. 528; 49 Ala. 381; 1 Mayf. Dig. 774.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Testimony as to a statement made by Snider, not under oath, was hearsay and inadmissible. Underhill, Crim. Ev. (2d Ed.) 276. The case at bar does not fall within the class of cases in which other offenses may be shown. 4 Mich. Ala. Dig. 149; 170 Ala. 99, 54 South. 511; ante, p. 526, 93 South. 380.

SAMFORD, J. [1] The evidence in this case was largely circumstantial, but the evidence tended to connect the defendant with the possession of the still, and was sufficient to authorize the jury in returning a verdict of guilt. Where this is the case, this court will not disturb the jury's finding.

[2] The presumptions given by appellate courts in favor of the judgments of lower courts on motion for a new trial, where the evidence is ore tenus, is not affected by Acts 1915, p. 722. Hackett v. Cash, 196 · Ala. 403, 72 South. 52; McSwean v. McSwean, 204 Ala. 663, 86 South. 646; Mallory S. S. Co. v. Druhan, 16 Ala. App. 438, 78 South. 636. Observing this rule, we cannot say the court erred in overruling the defendant's motion for a new trial.

[3] The fact that the witness Robbins, who was a federal officer, had been to the house of defendant on former occasions, was not an incriminating circumstance against the defendant, and the fact that he so testified over the objection of defendant was not reversible error.

[4] The defendant offered to prove by S. M. Reeves, a state witness, and who was the officer making the arrest, that after the still had been found he (Reeves) told defendant and a man named Snyder to come to town the next day and make bond, and that defendant came and Snyder did not, but ran away. This evidence was not relevant under the facts in this case. There was no effort on the part of the state to prove flight against the defendant, and the fact that Snyder fled, while tending to prove a consciousness of guilt on his part, did not tend to show the defendant's innocence. Both the defendant and Snyder may have been guilty of making the whisky and of possessing the still.

[5] For the reason that the testimony was immaterial, it was not error for the court to sustain objections to questions laying a predicate to Reeves as to what he (Reeves) had said was his opinion about finding whisky in Snider's house, if he had looked. Suppose he had, and from this evidence it is entirely possible he might, this fact would not have tended to disprove the defendant's guilt.

---

[6] Robbins, a witness for the state, was permitted to testify that while they were at the still he told defendant then and there that the still trough being used at the still on defendant's place was one he (Robbins) had found on a previous occasion, on the north side of defendant's house. This was in rebuttal and in contradiction of the defendant, who had testified that no such conversation took place.

We find no reversible error in this record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

One of the grounds for a motion for a new trial was that the defendant had discovered other evidence in his behalf, since the trial and conviction, and as to ignorance of such evidence and diligence in preparing his case for trial brings himself well within the rule entitling the evidence newly discovered to consideration on the motion.

[7] Except for the fact that the still found was located on land to which defendant held title, the evidence tending to convict the defendant was entirely circumstantial. The still was located about one-half mile from defendant's residence, in the woods near a branch, on land rented from defendant by one Mobley, in whose possession the land then was, that Mobley's dwelling and the dwelling of one Snyder, both being on land owned by defendant, were nearer to the still than that of defendant. The newly discovered evidence offered in support of the motion was to the effect that the witnesses testifying had been to the still about a week before the officers found it, and that it was in the possession, under the control, and was being operated by Snyder, and that defendant was not present, that the next day after the still was found by the officers Snyder called witness off, and asked him if he had heard about the officers getting his (Snyder's) still. The foregoing would have been competent evidence on the trial of the defendant, and, not being merely cumulative of testimony given, may have been sufficient to have generated in the minds of the jury a reasonable doubt of defendant's guilt. Where the evidence is circumstantial, tending to convict the defendant of crime, no matter how strong the circumstances, if the facts can be reconciled with the theory that another person may be the guilty agent, then the defendant should not be convicted. Cannon v. State, 17 Ala. App. 82, 81 South. 860; Ex parte Acree, 63 Ala. 234. That being the case, evidence tending to prove the guilt of another to the exclusion of defendant would be relevant. Davis v. State, 8 Ala. App. 211, 62 So. 382; McDonald v. State, 165 Ala. 85, 51 South. 629; Mason v. State, 153 Ala. 46, 45 South. 472; Tatum v. State, 131 Ala. 32, 31 South. 369; Walker v. State, 165 Ala. 96, 51 South. 357.

Where a defendant has not had the benefit of such testimony, and has acquitted himself of any negligence in failing to produce it, the trial court should on motion and proper showing grant a new trial. Dempsey v. State, 15 Ala. App. 199, 72 South. 773.

Upon a reconsideration of the entire record this court is of the opinion that the defendant's motion for a new trial should have been granted. The judgment of affirmance is set aside, the judgment of conviction is reversed, and the cause is remanded.

Application granted. Reversed and remanded.

MERRITT, J. (dissenting). The majority opinion on rehearing in this case rests on the ground of newly discovered evidence, which was presented in a motion for new trial before the trial court, and there overruled, was presented and considered by this court on the original hearing, when the motion for a new trial was not considered of such import as to receive mention, and the judgment of conviction was affirmed. This newly discovered evidence is on rehearing declared to be competent evidence on a retrial of the defendant; that it is not merely cumulative and may have been sufficient, if admitted, to have generated in the minds of the jury a reasonable doubt of the defendant's guilt. With each of these three statements I find myself differing with my associates. Before, however, a consideration of these questions is entered upon, it may be well to restate the generally accepted rules, obtaining in many jurisdictions, as to the granting of a new trial on the ground of newly discovered evidence. These rules are fully set out and the authorities exhaustively collated in the case of Fries v. Acme White Lead Co., 201 Ala. 613, 79 South. 45, wherein these rules are stated as follows: (1) The newly discovered evidence must be such as could not, with reasonable diligence, have been discovered in time to be produced at the trial; (2) it must be such as to render probable a different result on the retrial of the case; (a) the newly discovered evidence must be material and competent to the issue of fact originally tried; (b) that it must be not merely impeaching evidence; (c) that it must not be merely cumulative.

The record discloses an absolute want of diligence on the part of the defendant to discover this newly discovered evidence. He was arrested on November 5, 1920, on the afternoon of which day he was told by his tenant, Mobley, that "he saw the said Snyder with a can like the can found at the still about two or three weeks before November 5, 1920, going somewhat in the direction of where the still was found." Not until after his trial at the October term, 1921, he says now, did he ever hear that Snyder was making rum at this still, or that he was claiming ownership

of it, and then somebody told somebody else, who told his lawyer, who told him. He offers no evidence remotely tending to show diligence in following up the information given him by Mobley on the day of his arrest, nor does he even claim that he has been diligent, but is content to say that, even if he had tried, and had exercised reasonable diligence, he could not have found out this evidence before his trial. Who is Dennis Castleberry, the witness who did not unbosom himself until after the defendant's conviction? How far did he live from the defendant, and when did he first hear of the defendant's arrest charged with this offense? The record is silent. It was not on the state to show those things, but on the convicted defendant to bring himself within the law that required diligence on his part. When the law declares that the newly discovered evidence must be such as could not, with reasonable diligence, have been discovered in time to be produced at the trial, it means more than nonaction, it means affirmative action, alleged and proven. It does not mean, as is alleged in this case, if one had used reasonable diligence, that as a conclusion of his he could not have discovered such facts. He must produce such facts as will convince the court that he has been diligent and active. The action of the trial court in refusing to grant a motion for a new trial will not be reversed, unless error in such ruling is clearly shown, and, when the motion is based upon the ground of newly discovered evidence, it must be affirmatively shown that the failure of the movant to produce the newly discovered evidence on the trial of his case was not due to a lack of proper diligence on his part. Girardino v. B. So. R. R. Co., 179 Ala. 420, 60 South. 871; L. & N. R. R. Co. v. Burke, 198 Ala. 99, 73 South. 416; Bellany v. State (Ala. Sup.) 93 South. 921. To grant the motion for a new trial in this case on such a showing, as to the defendant's reasonable diligence, is to set up a new precedent for the granting of new trials in this jurisdiction on this account.

Moreover, I cannot agree with the statement in the majority opinion that the newly discovered evidence was to the effect:

"That the witnesses testifying had been to the still about a week before the officers found it, and that it was in the possession, under the control, and was being operated by Snyder."

As I read the record, not the witnesses, but one witness, and only one, Dennis Castleberry, who admitted that he was convicted at the spring term of the Pike county circuit court for having liquor in his possession, testified that about a week before the defendant was arrested he went to the still one night, and found Snyder making rum.

It must not be overlooked that the defendant was acquitted under the count in the indictment which charged him with the manufacture of whisky, and that his conviction was for having a still in his possession on the 5th day of November, 1920, to be used for the purpose of manufacturing prohibited liquors. So that any newly discovered evidence that one Snyder was making whisky a week prior to this date would not be competent on a retrial of the defendant for having a still in his possession on November 5, 1920. Then would the newly discovered evidence be competent on a retrial of the defendant charged with having a still in his possession on November 5, 1920? Conceding that the statement, alleged to have been made by Snyder to Castleberry the day after the raid on the defendant, when he asked Castleberry if he had heard about the officers getting his (Snyder's) still, had reference to the still in question, this would not be competent evidence for the defendant in another trial of his case. 4 Mich. Dig. p. 148, § 219. If admissible, it would only tend to prove the ownership of Snyder, and not to disprove the possession of the defendant at the time the evidence tends to show he was in possession thereof. But it is stated in the second place in the majority opinion that this newly discovered evidence was not merely cumulative of testimony given on the trial of the defendant. Let us see. The defendant's testimony on the trial in the circuit court was that he was the owner of the land on which the still was found; that one Mobley, a tenant, was in possession of the particular ground where the still was found, and if (inferentially) he was not in possession, the said Snyder, who also was a tenant, was in possession of the land; that Snyder ran away shortly after the location of the still and the arrest of the defendant, and that he was still away; that both Mobley and the said Snyder lived much closer to the place where the still was found. The said Mobley, testifying for the defendant, said:

"He saw said Snyder with a can like the can found at the still about two or three weeks before November 5, 1920, going somewhat in the direction of where the still was found; that said Snyder is now out of the state; that he is gone."

So then, with all these facts before the jury which tried and convicted the defendant, would not the so-called newly discovered evidence be merely cumulative? But if not cumulative, it tends to impeach the testimony of the defendant himself, who stated, while being examined, that on the day of the location of the still, and the day of his arrest, together with the sheriff on the way to the still, they passed Snyder's house; that Snyder came to the window, and the sheriff said to him, "I want to show you a still; we think one of you has been running a still;" and Snyder replied, "I haven't been running a still." Hence it appears that when Snyder was here he spoke very different from the

way we are now asked to believe he spoke to the witness Castleberry.

So that with evidence, before the jury, which tends to show Snyder's guilt, the defendant was convicted, and how can it then be said that the result on a retrial would probably be different? The jury may have thought, and indeed some of the evidence tended to indicate that others had something to do with the manufacture of liquor at this still, and perhaps, of some one else being interested in the possession, for in addition to the evidence, indicative of the defendant's connection with the still, there was evidence of other tracks around the still place, and the fact, if it be a fact, that Snyder or others were interested, would in no wise absolve the defendant. Conceding that the newly discovered evidence tends to incriminate Snyder, it does not, however, tend to exclude the defendant from criminality.

In view of these facts, and the law applied to them, I can see no legal reason for reversing this case on the ground of newly discovered evidence. As is said in the Fries Case, supra:

"New evidence which merely tends to discredit an adverse party or his witnesses will not avail as a ground for a new trial, as such testimony may be discovered in almost every case, and there must be an end to litigation."

As I understand the record in this case, waiving the question of the defendant's diligence in ascertaining the newly discovered evidence, to grant the motion for a new trial on the ground of newly discovered evidence, it must be on the evidence of a self-admitted lawbreaker that a fugitive from the state of Alabama made a certain declaration to him, which he kept locked in his breast for one year, which declaration is incompetent as evidence, because it is hearsay and is cumulative of testimony given on the trial, and, if it is competent and not merely cumulative, it would not probably on another trial produce a different result. So believing, I think the application for rehearing should be overruled, and the judgment of the circuit court and this court remain undisturbed.