**Ex parte STATE ex rel. DAVIS, Atty. Gen.**

**GRISSETT v. STATE.**

(4 Div. 29.)

(Supreme Court of Alabama. Nov. 16, 1922.)

1. **Criminal law ⚖⇒1179—Finding by Court of Appeals that accused was not negligent in failing to produce evidence is not reviewable by Supreme Court.**

The finding of the Court of Appeals, in reversing a conviction for failure to grant a new trial for newly discovered evidence, that defendant was not guilty of negligence in failing to discover the evidence before the trial, and that it was not merely cumulative, but would have probably changed the result, is a finding of fact, or the application of the facts to the law, not reviewable on certiorari by the Supreme Court.

2. **Criminal law ⚖⇒938(1)—Newly discovered evidence held to require a new trial.**

In a prosecution for possessing a still, where the evidence was circumstantial, and the still, though located on defendant's land, was nearer to the house of the lessee and of another than to defendant's house, newly discovered evidence as to the operation of the still by the other, who lived nearer to it, a week before the still was found, was admissible on defendant's behalf, and, under the circumstances, of sufficient probative force to entitle defendant to a new trial.

Certiorari to Court of Appeals.

Petition by the State of Alabama, on the relation of its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Cam Grissett v. State of Alabama (18 Ala. App. 675, 94 South. 271). Writ denied.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

Testimony as to a statement made by Snider, not under oath, was hearsay and inadmissible. Underhill, Crim. Ev. (2d Ed.) 276. The case at bar does not fall within the class of cases in which other offenses may be shown. 4 Mich. Ala. Dig. 149; 170 Ala. 99, 54 South. 511; 18 Ala. App. 526, 93 South. 380. Counsel adopt the dissenting opinion of Merritt, J., in Grissett v. State of Alabama, 18 Ala. App. 675, 94 South. 271, as a part of their brief in this case.

W. E. Griffin, of Troy, for defendant.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1] The Court of Appeals reversed this case because of a failure of the trial court to grant the defendant a new trial because of newly discovered evidence. 94 South. 271.[1] In doing this the Court of Appeals in effect found that the defendant was not guilty of negligence in failing to discover and produce this evidence, that it was not merely cumulative, and that it would have probably changed the result. This was a finding of fact or the application of the facts to the law, and this case falls within the rule declared in the case of Postal Co. v. Minderhout, 195 Ala. 420, 71 South. 91.

[2] It is insisted, however, by the state that this newly discovered evidence would not be admissible upon a retrial of the case; that the defendant was acquitted under the count charging him with manufacturing liquor, and was convicted under the one charging him with having in his possession a still to be used for the purpose of manufacturing prohibited liquor; that the fact that the still was in the possession of Snyder and was being operated by him a week prior to the day the defendant was charged with being in possession of same in no wise contradicted the defendant's subsequent possession; and that this newly discovered evidence would not, as matter of law, be admissible upon the retrial of this case. We may concede, without deciding, that this contention presents a reviewable legal question, yet we do not think that the writ should be awarded as to this point. True, the prior possession and use of the still by Snyder was not conclusive against a subsequent possession by the defendant, and under certain conditions might not be irreconcilable therewith, but, as stated in the opinion of the Court of Appeals, the still was on defendant's land, which was rented from him by one Mobley, and was nearer to the homes of Snyder and Mobley than the defendant's, and, the evidence against the defendant being circumstantial, the prior use and possession by Snyder would, under the law, be presumed to continue until a new actual possession was established, and the evidence as to the subsequent possession of Snyder would be a question to be considered by the jury in determining whether or not his possession had continued, and whether or not the state had established a new or subsequent possession in the defendant. Under certain conditions this evidence might be of little probative force, but upon the facts set forth by the Court of Appeals it would not only be admissible, but might be of considerable weight with the jury in determining whether or not the still was in the possession of the defendant at the time charged.

The writ is denied.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.