### SWOOPE v. STATE.   (8 Div. 7.)

(Court of Appeals of Alabama.   June 5, 1923.)

**I. Burglary ⬥⟾35—Evidence that defendant was in neighborhood picking cotton before store was broken into properly received.**

In a burglary prosecution, evidence that defendant was seen several times in the vicinity of the store which was broken into was properly admitted.

**2. Burglary ⬥⟾38—Evidence of finding goods recently stolen, in defendant's home held relevant.**

In a burglary prosecution, evidence of finding goods identified as those recently stolen was admissible to shed light on the questions involved, although not described in the indictment. .

**3. Criminal law ⬥⟾693—Objection to evidence after answer held too late.**

Where questions are propounded and answers made thereto before objection is interposed, such objection comes too late.

**4. Criminal law ⬥⟾368(3)—Evidence of what was said and done while searching defendant's house held relevant.**

In a burglary prosecution, evidence of what was said and done while a searching party made a search of the house in which defendant lived was relevant and admissible.

**5. Criminal law ⬥⟾413(1)—Sustaining objection to defendant's question calling for self-serving declaration not error.**

In a burglary prosecution, where a question by defendant would have called for a self-serving declaration of the defendant, sustaining objections thereto was not error.

**6. Burglary ⬥⟾38—Sustaining objection to questions showing that another placed recently stolen goods in defendant's house held error.**

In a burglary prosecution, it was error to sustain objection to a question showing that another had placed the recently stolen goods in defendant's house.

**7. Burglary ⬥⟾42(4)—Defendant has onus of explaining possession of recently stolen goods.**

The onus is imposed on defendant of explaining recent possession of stolen goods; and, if he fails to make reasonable explanation thereof, a presumption of guilt arises which will support a conviction.

**8. Criminal law ⬥⟾552(3) — Defendant not convicted on circumstantial evidence if facts reconciled with theory of another's guilt.**

Where evidence is circumstantial, if the facts can be reconciled with the theory that another person may be guilty, then defendant should not be convicted.

**9. Criminal law ⬥⟾1170(1)—Refusing evidence explaining defendant's possession of recently stolen goods held reversible error.**

In a burglary prosecution, refusing evidence that tended to prove the guilt of another

to the exclusion of defendant was prejudicial error.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Martha Swoope was convicted of burglary, etc., and appeals.   Reversed and remanded.

Wert & Hutson, of Decatur, for appellant.

Counsel argue the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the points treated, but without citing authorities.

BRICKEN, P. J.   The refusal of the affirmative charge and several rulings of the court upon the testimony are relied upon as error to effect a reversal of the judgment of conviction appealed from in this case.

The indictment contained two counts. Count 1 charged the defendant and others with burglary of the storehouse of R. F. Mooney.   Count 2 charged them with buying, receiving, concealing, etc., certain designated property or merchandise alleged to have been stolen from the said Mooney knowing that it was stolen, and not having the intent to restore it to the owner.   Upon arraignment this defendant demanded and was granted a severance.   There was a general verdict of guilty as charged in the indictment.

The undisputed evidence tended to show that the storehouse of the alleged injured party, Mooney, was broken into, and that a large amount of goods and merchandise was stolen therefrom, and that on the morning next after the burglary a considerable portion of these stolen goods was found secreted in several different places in the defendant's room where she lived.   There was some evidence tending to show that this defendant was familiar with the Mooney store and its surroundings, and that she had been picking cotton back of the store out in a field, and that she was in the store just before it was burglarized; but the exact number of days before was not specified by the witness R. F. Mooney, who testified to these facts.

[1] We think best to discuss the rulings of the court, to which exceptions were reserved, in the order in which they appear in the bill of exceptions.   The first exception occurred as follows: After state witness Mooney had testified, "I have seen Martha Swoope several times," he was asked: "Was she out in the neighborhood of your store before it was broken into?"   The court overruled defendant's objection to this question, and witness answered: "Yes, sir."   In this ruling there was no error.   The testimony was admissible in order to show the presence of defendant in the neighborhood of the store

---

⬥⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

before the alleged offense was committed and her familiarity with the burglarized store and its surroundings. And for like reasons the exceptions reserved to the court's rulings in permitting this witness to testify that she was there picking cotton for Kirby Holland, and that she came from that way to get water in the store, were also without merit.

[2] The next insistence of error is based upon the ruling of the court in allowing said witness Mooney to testify, over objection, to finding in defendant's home, also some domestic piece goods which was stolen from his store as contended by state, at the time the burglary complained of was committed. It is true that the averments in the indictment did not describe such domestic goods among the designated articles of merchandise stolen, but this testimony was admissible in order to shed light upon the questions involved, and, although not described in the indictment the fact that this defendant was found to be in possession of these recently stolen goods was a circumstance tending to shed light upon the issues involved.

[3, 4] The objection interposed to state witness J. V. May testifying that "we found that ring in the other end of the house, Cherry Buford's house," came too late, as the questions were propounded and answers given before the objection thereto was interposed. Moreover, the testimony disclosed that the house in question was a four-room house, two large rooms in front and shed on each side of each front room, and that this defendant lived in the east end and the Buford woman in the west end of the same house, and the searching party made search of the whole house in which the accused lived, and all that was said and done at that time and place in the presence and hearing of the defendant was relevant and admissible. What has been here said applies also to the next four exceptions reserved by defendant to the ruling of the court upon the testimony. Jones v. State, 17 Ala. App. 394, 85 South. 830.

[5] On cross-examination of this witness, May, defendant asked him: "She (defendant) told you Roy Hill left it there?" The court sustained the state's objection, and defendant excepted. In this ruling there was no error. So far as the question is concerned there was nothing to show the time or place when such statement was made, if made at all, and therefore, on the face of the question it called for a self-serving declaration of the defendant which under the elementary rules of evidence is not permissible. However the witness was permitted to answer the question fully later without objection, and testified: "The defendant told me that if I would go out on Elm street I could find Roy Hill, and that he was the person that put those things in there."

[6] It was shown by the undisputed testimony that Roy Hill was at the house of this defendant when the officers were approaching that morning, and that upon sight of the officers he ran away from the house, and that a Mr. Couch, one of the searching officers, shot at him. The evidence also showed without conflict that Roy Hill disliked the defendant. On cross-examination of state witness May he was asked: "Mr. May, didn't Mrs. Bryant state there in the presence of this woman (defendant) that she saw Roy Hill put these things in this woman's house?" The court sustained the general objection interposed by the state to this question, and defendant excepted. The record then shows the following: "Witness, continuing, said: 'Mrs. Bryant did live next door;' that she was a white woman, and that that was at the same time this transaction took place there." Witness was then and there asked the following question: "Now I will ask the same question: Didn't Mrs. Bryant state there, in the presence of this woman, that she saw Roy Hill put these things in this woman's house?" And upon objection by the state, the defendant made known to the court that she expected the witness to answer in the affirmative. The court sustained the objection and defendant duly reserved an exception.

[7] There was error in these rulings. In the first place all that was said and done at that time and place, bearing upon the questions involved, was, as hereinabove stated, a part of the res gestæ, and for this reason was admissible; certainly so under the second count of the indictment. It had been without dispute that Roy Hill disliked the defendant; that the defendant was not at home, but that he (Roy Hill) was at her house when the officers arrived; that the officers shot at him as he ran away from there at their approach, etc.; and it is clearly evident that, if Mrs. Bryant, a white woman living next door to defendant and, so far as this record shows wholly disinterested in the outcome of the trial of this case, saw the man, who disliked the defendant, actually put the stolen articles in her room during the absence of the defendant, it was vital to the defendant to be permitted to show this fact as a reasonable explanation of how the stolen articles came to be in her house; for the settled rule of law in this state imposes upon the defendant the onus of explaining his recent possession of stolen goods, and, if he fails to make a reasonable explanation thereof, a presumption of guilt arises which will support a verdict of conviction. Jordan v. State, 17 Ala. App. 575, 87 South. 433, and cases cited.

[8, 9] There is another theory upon which this testimony should have been allowed. The evidence against this defendant was purely circumstantial, and, where this is true, no matter how strong the circumstances, if the facts can be reconciled with the theory that another person may be the guilty

party, then the defendant should not be convicted. Cannon v. State, 17 Ala. App. 82, 81 South. 860; Ex parte Acree, 63 Ala. 234. That being the case, any evidence tending to prove the guilt of another to the exclusion of defendant would be relevant. The refusal to let this testimony go to the jury on either of these theories constituted error prejudicial to the substantial rights of the defendant, and necessitates a reversal of the judgment appealed from. Davis v. State, 8 Ala. App. 211, 62 South. 382; McDonald v. State, 165 Ala. 85, 51 South. 629; Mason v. State, 153 Ala. 46. 45 South. 472; Tatum v. State, 131 Ala. 32, 31 South. 369.

For the errors pointed out, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.