## BURDEN v. STATE. (6 Div. 559.)

(Court of Appeals of Alabama. Dec. 16, 1924.)

1. Criminal law ☞824(4)—Failure to instruct on alibi not error where instruction not requested.

Under Code 1907, § 5364, failure of the trial court to instruct on defense of alibi is not error, where such charge was not requested.

2. Criminal law ☞941(1)—New trial for newly discovered evidence properly refused, where such evidence cumulative.

New trial is properly refused on ground of newly discovered evidence, where such evidence is merely cumulative.

3. Criminal law ☞1037(1), 1124(1)—Refusal of new trial for improper argument not reviewable, where objection not taken and bill of exceptions does not show remarks made.

Where no objection to argument of solicitor was made on trial, refusal of new trial for improper argument is not reviewable where bill of exceptions fails to show that remarks complained of were made.

4. Criminal law ☞1160—Conclusions or findings on motion for new trial on evidence ore tenus not disturbed unless clearly against weight of evidence.

Conclusions or findings of trial court on motion for new trial made on evidence given ore tenus will not be disturbed unless plainly and palpably contrary to weight of evidence.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Dave Burden was convicted of robbery, and he appeals. Affirmed.

B. E. Samuels, of Birmingham, for appellant.

Where the verdict is manifestly wrong, the court will set aside judgment of the lower court and order a new trial. Grissett v. State, 18 Ala. App. 675, 94 So. 271. No presumption will be indulged in favor of the trial court's finding. Hines v. State, 198 Ala. 23, 73 So. 428; Acts 1915, p. 722. Where defendant's evidence tends to prove an alibi, a judgment of conviction will be reversed for failure to instruct thereon. Burton v. State, 107 Ala. 108, 18 So. 284.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

It is not shown that defendant was diligent in summoning his witnesses, and the motion for new trial on the ground of newly discovered evidence is without merit. Fries v. Acme White Lead Co., 201 Ala. 613, 79 So. 45; Grissett v. State, 18 Ala. App. 675, 94 So. 273. Counsel discuss other questions, but without citing additional authorities.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

FOSTER, J. The appellant was convicted of robbery and sentenced to imprisonment in the penitentiary for a term of 20 years. From the judgment of conviction he prosecutes this appeal.

There is obviously no merit in the exceptions to the admission of evidence.

[1] The trial court will not be put in error for failure to instruct the jury on the defense of alibi, where charge to this effect was not requested by the defendant in writing. Section 5364, Code 1907, and authorities there cited.

[2] It is not error to refuse a motion for a new trial on the ground of newly discovered evidence where such evidence is merely cumulative. Grissett v. State, 18 Ala. App. 675, 94 So. 271; Fries v. Acme White Lead Co., 201 Ala. 613, 79 So. 45.

[3] The trial court will not be put in error ·for refusing a motion for new trial on the ground of improper argument of the solicitor, where no objection to such argument was taken on the trial, and where the bill of exceptions fails to show that the remarks complained of in the motion were made.

[4] Appellate courts will not disturb the conclusions or findings of the trial court on motion for new trial, where the finding is based on evidence which is given ore tenus, unless it appears that such findings and conclusions are plainly and palpably contrary to the weight of the evidence. Grissett v. State, supra; Hackett v. Cash, 196 Ala. 403, 72 So. 52.

The trial court properly refused the motion for a new trial.

There is no error in the record.

The judgment of conviction is affirmed.

Affirmed.