(107 So. 720)

## ERSKINE v. STATE. (8 Div. 306.)

(Court of Appeals of Alabama. March 23, 1926.)

**1. Criminal law ⬅⟞363—All that was said or done at place of arrest relating to issue, by persons present, was relevant as res gestæ.**

In prosecution for possession of liquor, all that was said or done at place arresting officers found accused and liquor relating to issue, by persons present, was relevant as res gestæ.

2. Criminal law ☞368(3)—Witnesses ☞268 (1)—Question to state's witness on cross-examination as to whether companion of accused claimed possession of whisky, where witness in principal examination stated accused attempted to get her to take blame held proper cross-examination and the evidence part of res gestæ.

In prosecution for possession of liquor, where state's witness testified that accused attempted to get negro woman companion to take blame, sustaining objection to question on cross-examination as to whether woman had stated that it was her whisky *held* error as being part of res gestæ and proper cross-examination.

3. Criminal law ☞359.

Defendant may rebut circumstantial evidence against himself by adducing evidence tending to prove some one other than himself guilty of offense charged.

4. Criminal law ☞368(1).

One accused of crime may show his innocence by proof of guilt of another, provided evidence relates to res gestæ of offense.

5. Criminal law ☞359.

In prosecution for possessing liquor, refusing to allow defendant to show that whisky belonged to and was in possession of another *held* error.

6. Criminal law ☞308.

Usual presumption of innocence attends accused, notwithstanding his environment at time of arrest was reprehensible and disreputable.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Ben Erskine was convicted of possessing prohibited liquor, and he appeals. Reversed and remanded.

David A. Grayson, of Huntsville, for appellant.

Where it is shown some other person may have been guilty of the offense, the defendant should be acquitted. 1 Mayfield's Dig. 767; Allen v. State, ante, p. 23, 104 So. 867.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

There was no error in rulings on evidence. Hauk v. State, 93 So. 220, 18 Ala. App. 554; Glass v. State, 98 So. 702, 19 Ala. App. 530; Toles v. State, 54 So. 511, 170 Ala. 99; Pool v. State, 98 So. 309, 19 Ala. App. 406.

BRICKEN, P. J. [1-5] About 100 yards from the Mayesville road on Chapman's mountain, in Madison county, the arresting officers found this appellant and a negro woman, "in a little thicket," on a certain Sunday in October, 1924. There was evidence tending to show that this appellant was lying down with his coat off, and that some 2 or 3 feet from him there was a bottle of whisky under his coat. As a part of the res gestæ, all that was said or done at that particular time and place, relating to the issue, by the persons present, was relevant. The state introduced as a witness one S. B. Worley, who testified: "I know the defendant, Ben Erskine. I was present when he was arrested, about 100 yards from the public road. * * *" He was asked by the solicitor: "Did you hear the conversation at that time between Ben and the woman?" and, "What did he say to the woman about the whisky?" to which he answered, "He wanted her to take it all on herself, because, if he did, he would have to go off, and he said he would pay her fine. * * * Mr. Gray and Mr. Record were the ones that went out and got Ben, and he begged them to let him off and let the woman take the blame. * * *" Attorney for defendant then asked this state's witness, upon further cross-examination: "Did the woman say there in your presence that it was her whisky and she was willing to plead guilty to it?" The record shows:

"Solicitor objected to the question, and the court sustained the objection, and defendant stated that he expected the answer to be in the affirmative, duly reserving an exception to the ruling."

This ruling was error. The evidence thus sought was not only of the res gestæ, and, as stated, therefore admissible, but it was also admissible under the elementary rules of evidence as to cross-examination of witnesses. Perdue v. State, 86 So. 158, 17 Ala. App. 500. Moreover, it was permissible for the defendant to seek to rebut the circumstantial evidence against himself by adducing evidence, direct or circumstantial, tending to prove that some one other than himself was guilty of the offense charged against him. "One accused of crime may show his innocence by proof of the guilt of another, provided the evidence relates to the res gestæ of the offense." McDonald v. State, 51 So. 629, 165 Ala. 85; Mason v. State, 45 So. 472, 153 Ala. 46; Grissett v. State, 94 So. 271, 18 Ala. App. 675; Swoope v. State, 96 So. 728, 19 Ala. App. 254, 256, and cases cited. What has just been said applies as well to other rulings of the court wherein the defendant was not allowed to undertake to show that the bottle of whisky in question belonged to and was in the possession of another.

Numerous insistences of error are urged, but those containing merit are applicable to the questions here discussed.

[6] The undisputed evidence tended to show that the situation or environment of this appellant at the time of his arrest by the officers was reprehensible and disreputable. However, in this proceeding he was called upon to answer only the charges contained in the affidavit or complaint against him, and, notwithstanding his environment at the time of his arrest, the usual presumption of inno-

cence attended the accused which the law provides in all criminal cases.

Reversed and remanded.