

Travis Williams, of Russellville, for appellant.

W. H. Key, Jr., of Russellville, for appellee.

Jas. Esdale, of Birmingham, for appellant.

Brief did not reach the Reporter.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

173 So. 397

## BEVERLY v. STATE.

### 6 Div. 954.

Court of Appeals of Alabama.

Jan. 19, 1937.

Rehearing Denied Feb. 16, 1937.

BRICKEN, Presiding Judge.

The prosecution in this case was begun in the Jefferson county court of misdemeanors, upon an affidavit and warrant, wherein the defendant was charged with the offense of violating the prohibition laws of the State. Upon his conviction in said court, he took an appeal to the circuit court and was there tried by a jury on the original affidavit. The trial in the circuit

court resulted in his conviction under the second count of the affidavit, which charged that he did keep, or have in his possession, or receive or possess spirituous, vinous, or malt liquors, or other prohibited alcoholic liquors or beverages, contrary to law, etc. From the judgment of conviction pronounced and entered, this appeal was taken.

The evidence for the State tended to show that the two arresting officers went to the home of this appellant, in the city of Birmingham, about 9 o'clock at night. That one of them went to the back door of the house, and the other to the front door. That the officer who went to the rear door met the wife of defendant going out of the back door with a sack containing five one-gallon cans of corn whisky; that he carried her back into the middle room where her husband and another man were. These witnesses were permitted to testify as to the general conversation had between the parties present and in which it was stated the defendant said it was his liquor and that he had just gotten it. The record does not show that the first State witness was cross-examined. The second State witness, one J. R. Richardson, testified to practically the same state of facts as did the first State witness Kilpatrick. On cross-examination of State witness Richardson, the defendant sought to adduce evidence touching his financial interest in the case, but, upon objection by the State, this line of inquiry was not allowed, and in making the ruling the trial court stated: "I sustain the objection. My ruling is that the jury is not concerned with any fees fixed by law and they have nothing to do with it." Exception was duly reserved.

The evidence in behalf of the defendant was in direct conflict with that of the State witnesses. He denied making the statement as to the ownership of the whisky as testified by the State witnesses, and testified further that it had just been brought to his house by other parties a minute or two before the officers arrived. By the adverse ruling of the court, the defendant was not allowed to testify as to his version of the conversation which took place at the home of defendant and as testified to by the State witnesses.

The defendant made motion for a new trial based upon several grounds, but principally upon the grounds of newly discov-

ered evidence. The motion was denied, and the question involved is properly presented for our consideration.

Upon the three propositions above stated, the appellant rests his insistence of error to a reversal.

■ As to the first proposition: The bias of an adverse witness is always a proper inquiry, and on cross-examination any fact may be elicited which tends to show bias or partiality on the part of such witness; and in this connection the pecuniary interest a witness may have in the outcome of the trial is admissible to be considered by the jury in weighing the testimony of the witness. Tapscott v. State, 18 Ala. App. 67, 88 So. 376. It was error for the court to sustain the solicitor's objection to the question propounded.

■ There was error also in the court's ruling upon the second point of decision above set out. The case of Erskine v. State, 21 Ala.App. 307, 107 So. 720, 721, is a direct authority on this point. Evidence as to what was said and done at the time and place by the parties present was of the res gestæ and therefore admissible. In the Erskine Case, supra, this court said:

"The evidence thus sought was not only of the res gestæ, and, as stated, therefore admissible, but it was also admissible under the elementary rules of evidence as to cross-examination of witnesses. Perdue v. State, 17 Ala.App. 500, 86 So. 158. Moreover, it was permissible for the defendant to seek to rebut the circumstantial evidence against himself by adducing evidence, direct or circumstantial, tending to prove that some one other than himself was guilty of the offense charged against him. 'One accused of crime may show his innocence by proof of the guilt of another, provided the evidence relates to the res gestae of the offense.'"

The proof offered on the motion for a new trial affirmatively came within the rule as to newly discovered evidence as laid down in the case of Grissett v. State, 18 Ala.App. 675, 677, 94 So. 271, 272, on rehearing, and this proof tended to sustain grounds 7 and 8 of the motion. We are of the opinion that error prevailed in overruling the motion for a new trial.

Reversed and remanded.