[McDonald v. The State]

# McDonald *v.* The State.

## *Arson.*

(Decided Feb. 10, 1910.—51 South. 629.)

1. *Arson; Evidence; Jury Question.*—The evidence in this case examined and held sufficient to require the submission of the question of the defendant's guilt to the jury.

2. *Evidence; Guilt of Another; Res Gestae.*—One accused of crime may show his innocence by proof of the guilt of another provided the evidence relates to the res gestae of the offense. that is to say the perpetration of some deed entering into the crime itself.

3. *Same; Declaration of Third Person; Evidence of Guilt.*—Where the defendant asserted in defense that the crime was committed by another, the declarations of such other were not admissible for any purpose except to affect his credibility as a witness.

4. *Same; Motive of Such Third Person.*—In a prosecution for arson the defense to which was that the crime was committed by another and it appeared that dogs trained to track human beings followed a trail from the fire to the house of one F., and to a bed therein, and it was also open to inference from the conduct of the dog that someone passed from F.'s house to the defendant's house and the theory of the defense was that F., had committed the crime, it was improper to refuse to permit the defendant to ask a state witness, the superintendent on the plantation, where the house was burned. if the witness had not recently had trouble with F.. prior to the burning.

5. *Charge of Court; Covered by Instructions Given; What Are.*—A charge asserting that the only foundation for defendant's guilt is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged and that each juror must be satisfied of defendant's guilt beyond a reasonable doubt before a verdict is authorized, covered substantially charges asserting that if any individual juror is not convinced of defendant's guilt beyond a reasonable doubt, and to a moral certainty, the jury cannot convict, and if there is a reasonable doubt of defendant's guilt, he must be acquitted.

6. *Same; Proof Required.*—A charge asserting that no preponderance nor any weight of any preponderant evidence is sufficient to support a conviction unless it generates full belief of the facts necessary to constitute the guilt of accused to the exclusion of all reasonable doubt requires a too high degree of certainty in the use of the word "full" as qualifying "belief."

7. *Same; Evidence; Singling Out Evidence.*—Charges asserting that if the jury believe that the dogs employed to track human beings are unreliable, the jury might disregard consideration of the same, and that if the dogs ran the track directly to the house of a third person, the jury should look to such fact in determining

whether defendant was guilty, single out one part of the evidence and were properly refused.

8. *Same; Invading Province of Jury.*—A charge asserting that the jurors are under no obligation to weigh the evidence of each party separately, and then one against the other, but that it is the duty of the jury to construe all of the evidence before them and to say whether defendant was guilty beyond a reasonable doubt and to a moral certainty, was erroneous as invading the province of the jury.

9. *Same; Form.*—Charges which contain unintelligible clauses may be properly refused.

10. *Same; Circumstantial Evidence.*—A charge asserting that the test of the sufficiency of circumstantial evidence is where the circumstances so proven are capable of explanation on any reasonable hypothesis consistent with defendant's innocence, the defendant should be acquitted, is plainly erroneous.

11. *Same; Covered by Those Given.*—A charge asserting that the probability of defendant's innocence is a just foundation for a reasonable doubt, and therefore, for his acquittal, covered a charge asserting that if the jury believed there was a reasonable probability of defendant's innocence that that was a just foundation for a reasonable doubt.

APPEAL from Limeston Circuit Court.

Heard before Hon. D. W. SPEAKE.

Dan McDonald was convicted of arson, and he appeals. Reversed and remanded.

The following charges were refused to the defendant: "(2) If any individual juror is not convinced of the defendant's guilt beyond a reasonable doubt and to a moral certainty, the jury cannot convict. (3) No preponderance, nor any weight of preponderant evidence, is sufficient to support a conviction in a criminal case, unless it generates full belief of facts necessary to constitute the guilt of the accused to the exclusion of all reasonable doubt. (4) If, after a careful and cautious examination of all of the testimony in this case, there is a reasonable doubt of defendant's guilt in the mind of either of the jurors, you should not convict the defendant. (5) I charge you, gentlemen of the jury, that if you believe that the dogs employed in this case to track human beings are uncertain and unreliable, you may discard

[McDonald v. The State.]

consideration of the same in making up your verdict. (6) The jurors are under no duty or obligation to weigh the evidence of each party separately, and then one against the other, and find which is the heavier; but it is the duty of the jury to construe all the evidence before them, and to say whether or not the defendant is guilty beyond a reasonable doubt and to a moral certainty. (7) The evidence against the defendant is purely circumstantial, and his innocence may be presumed by the jury until the case against him is proven in all its material circumstances beyond a reasonable doubt. To find him guilty as charged, the evidence must be so strong and cogent, and unless it is so strong and cogent as to show him guilty to a moral certainty the jury must find him not guilty. (8) The test of the sufficiency of circumstantial evidence in a criminal case is where the circumstances so proven are capable of explanation upon any reasonable hypothesis consistent with defendant's innocence. If they are capable of such explanation, then the defendant should be acquitted. (9) I charge you, gentlemen of the jury, that if you believe from the evidence the fact, if it be a fact, that the dogs ran the track directly to and in Will Fletcher's house from and near the barn and ginhouse, you may look to that fact, if it be a fact, in determining whether or not the defendant is guilty. (10) I charge you, gentlemen of the jury, that if you believe from the the evidence that there is a reasonable probability of defendant's innocence, then this is a just foundation for a reasonable doubt, and you are authorized to acquit the defendant."

The following written charges were given at the request of the defendant, and noted as being substantial duplicates of charges refused: "(F) I charge you, gentlemen of the jury, as a matter of law, that the only

foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment, and unless each of the jury is so convinced beyond a reasonable doubt and to a moral certainty they must not find the defendant guilty." "(18) Each juror is required to be satisfied of the guilt of defendant beyond a reasonable doubt before they are authorized to find a verdict of guilt, and each juror must separately and segregately be so satisfied to support a conviction." "(22) A probability of defendant's innocence is a just foundation for a reasonable doubt, and therefore for his acquittal."

C. L. Price, and William M. Hundley, for appellant.—Under the circumstances of this case the court erred in refusing to permit the defendant to show that the superintendent of the plantation on which the house was burned had had some trouble with Fletcher just prior to the burning.—*Gilmore v. The State,* 99 Ala. 159; *Bowen v. The State,* 140 Ala. 65. Charge 6 should have been given.—*Mann v. The State,* 134 Ala. 2. Charge 7 should have been given.—*Salm v. The State,* 89 Ala. 56; *Gilmore v. The State, supra.* Charge 8 should have been given.—*Bowen v. The State, supra; Ryan v. The State,* 116 Ala. 445; *Pickens v. The State,* 115 Ala. 42; *Compton v. The State,* 110 Ala. 24. Charge 9 should have been given.—*Bowen v. The State, supra; Gilmore v. The State, supra.* Charge 10 should have been given.—*Brown v. The State,* 118 Ala. 111.

Alexander M. Garber, Attorney General, for the State.—The court did not err in the admission or exclusion of evidence.—*Walker v. The State,* 139 Ala. 56;

[McDonald v. The State.]

*Tatum v. The State,* 131 Ala. 32; *Price v. The State,* 100 Ala. 144; *Banks v. The State,* 72 Ala. 522. Counsel discuss charges refused, but without citation of authority.

McCLELLAN, J.—Conviction of arson in the second degree. The evidence presented required the submission of the issue of defendant's guilt vel non to the jury. There was testimony tending to show, through the correspondence of tracks about the scene of the fire with the shoe of the defendant, that defendant had, previous to the fire, been about the place. There was testimony tending to reflect upon the truth of the defendant's assertion that his first knowledge of the fire came through a woman who occupied the same house he did, and to impeach the defendant in respect of his visit, while the house was burning, to a neighboring dwelling. There was, also, testimony tending to establish ill will on defendant's part toward H. N. Crouch, who was the superintendent of the plantation on which the burned building was. Additional to this, it was shown that dogs trained to take the scent of human beings followed a trail from the scene of the fire, after parley, through the house of defendant. It was for the jury to say whether, from all the facts and circumstances before them, the defendant was the incendiary.

One accused of crime may show his own innocence by proof of the guilt of another; but the evidence of the guilt of the other must relate to the res gestæe of the event—the perpetration of some deed entering into the crime itself.—*Levison v. State,* 54 Ala. 520, 527; *Carlton v. People,* 150 Ill. 181, 37 N. E. 244, 41 Am. St. Rep. 346; *Owensby v. State,* 82 Ala. 63, 2 South. 764. It is a necessary consequence of this doctrine that declarations by that other are not admissible for any purpose

unless it be to affect his credibility as a witness on the trial.—*Smith v. The State,* 9 Ala. 990; *Alston v. State,* 63 Ala. 178. Where there is evidence tending to con- nect another with the commission of the crime with which the prisoner is charged, and the evidence ad- duced against the prisoner is circumstantial, the de- fendant may adduce any legal evidence tending to fix guilt of the offense on another and to show motive on that other's part to commit the offense.—*Tatum v. State,* 131 Ala. 32, 31 South. 369; *Walker v. State,* 139 Ala. 56, 66, 35 South. 1011; *Carlton v. People, supra.*

It will be noted that a broad distinction, in respect of admissibility of evidence in this connection, is taken between matters merely hearsay, such as declarations, confessions, and flight, and evidence tending to connect, actually or circumstantially, including motive, another with the offense of which defendant is charged. An- other's motive is not primarily admissible, but is ren- dered so whenever there is evidence tending to connect that other with the criminal act.—*Tatum's Case, supra.*

On the cross-examination of H. N. Crouch, a state's witness, he was asked this question: "Is it not a fact, Mr. Crouch, that you have recently had trouble with William Fletcher, prior to the burning, the man to whose house the dogs first carried the trail, and in whose barn the trail was abandoned?" The objection of the state was sustained. Up to this time the testimony, in respect of the conduct of the dogs about William Fletch- er's house, was: "* * * * Which (the trail) they car- ried first to the house of Will Fletcher, about half a mile from the fire. They entered said house and barked a number of times and jumped up on the bed and bark- ed. They remained in the house of Will Fletcher a very short time, and then came on out of the same door they had entered and took up the trail where they had left it

to go into Fletcher's house, and followed this trail to Dan McDonald, the defendant's house, a short distance away. They entered this house and barked several times, going through said house and coming out another door from the one they entered. They followed this trail and went down into the pasture, a short distance away, and came back from the pasture to the well between Will Fletcher's house and Dan McDonald's and went into Will Fletcher's barn, and there the dogs were pulled off. * * * I had trouble with Dan McDonald, who was a tenant on the plantation, some time before this. I discharged him on Friday night before the burning."

It thus appears that the basis for the asserted right to show Fletcher's motive, inspired by ill will, for the commission of the crime, must be found in the conduct of the dogs when following the trail as stated.

There can be no doubt that, had Fletcher been on trial for this crime, the conduct of these dogs in trailing into his house, as described by the witness, and returning to his barn, where they were pulled off, would have been evidence for the jury of Fletcher's guilt of the arson. It is true the witness asserts that the dogs returned to the trail. That was obviously a conclusion. He could not preclude the inference indicated by any such statement of what he drew from the conduct of the dogs before him. It was open to inference, from the conduct of these dogs, that some one came from the scene of the fire, over the course followed by the dogs, entered Fletcher's house, and came in contact with a bed therein. It was also open to inference that some one, taking the course to that point, passed Fletcher's house, or, to state it otherwise, that one continued on while one entered. We intend to suggest no theory as sustained by this feature of the evidence, for this case,

[McDonald v. The State.]

in all its aspects, is peculiarly for the jury's consideration, without the slightest influence of this court, or that below, on the issues of fact in it. But, in the light of the evidence indicated, we cannot avoid the conclusion that the conduct of the dogs, with respect to Fletcher and his abode, was sufficient to require the admission of the evidence tending to show the existence of a motive on his part.

There was no prejudicial error committed in the refusal of any of the special charges requested for defendant. Those numbered 2 and 4 were covered by given charges F and 18. That numbered 3 was faulty if for no other reason than that it uses the word "full," before "belief," thereby exacting too high a degree of certainty as a condition to a conviction. Charge 5, besides expressing an argument, was properly refused because it singled out one element of the evidence. Charge 9 was bad for like reasons. That numbered 6 invaded the province of the jury. It has other vices. The latter clause in charge 7 is unintelligible and was, hence, well refused. That numbered 8 is subject to the same criticism. Besides, the test it assumed to give is without legal sanction. *Mitchell's Case,* 114 Ala. 1, 22 South. 71, states the test of the sufficiency of circumstantial evidence to justify a conviction. Charge 10 was covered, in substance, by given charge 22.

For the error indicated, we must reverse and remand.

Reversed and remanded.

DOWDELL, C. J. and MAYFIELD and SAYRE, JJ., concur.