157 So. 263

## WHITE v. STATE.
### 8 Div. 977.

Court of Appeals of Alabama.
June 27, 1934.

Rehearing Denied Oct. 30, 1934.

Raymond Murphy, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of arson in the second degree; his punishment fixed at imprisonment in the penitentiary for an indeterminate term of from three to five years. Michie's Code 1928, § 3290.

The facts testified to by the state's witnesses were sufficient to furnish an inference that the fire that destroyed the house (building) was not accidental, but the result of human agency, of incendiary origin, and therefore afforded the necessary inference to establish the corpus delicti. Cunningham v. State, 14 Ala. App. 1, 69 So. 982, and cases cited in the opinion in that case. And, of course, the corpus delicti, established by inference, will serve as a basis for the admission of a confession, as well as if it had been established by positive, direct, testimony.

The trial court, it appears, was well within the applicable rule, in admitting in evidence the written confession, as well as the other statements against interest, of appellant. Machen et al. v. State, 16 Ala. App. 170, 76 So. 407. These, in connection with the proof of the corpus delicti hereinabove adverted to, made out every element of the offense charged. The issues were all for the jury; and the testimony abundantly supports their verdict.

We have examined every exception reserved on the taking of testimony, but are persuaded

that specific comment is unnecessary on the ruling underlying any one of same.

Appellant's capable counsel has displayed remarkable industry, and has furnished us with an excellent brief. But we are satisfied, after critical study, that the proceedings throughout were fairly conducted; and that nothing of value would be added to the body of our law by more detailed discussion.

There appearing nowhere any erroneous ruling of a prejudicial nature, the judgment should be, and is, affirmed.

Affirmed.