64 So.2d 135

### WHITLEY v. STATE.

### 8 Div. 109.

Court of Appeals of Alabama.

March 17, 1953.

Gibson, Hewitt & Gibson, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the circuit court the defendant, Curtis Whitley, was indicted and convicted on a charge of burglary in the second degree.

The burglarized building or structure was located in Florence, Alabama.

There is no dispute as to the facts of the burglary. The question of prime concern is whether or not the accused participated in the commission of the crime.

In this aspect the State anchored the prosecution solely on circumstantial evidence.

It is urged that the defendant was due the general affirmative charge or the verdict was contrary to the evidence and the motion for a new trial should have been granted.

There were several exhibits introduced in evidence. Among these was a broken-point screwdriver. This tool was a very potent factor in the development of the circumstantial events. None of the exhibits was forwarded to this court.

■ We must, therefore, enforce the rule which provides that when all the evidence is not before us we cannot review the actions of the court below in refusing the general affirmative charge or denying the motion for a new trial. Mooneyham v. State, 35 Ala.App. 576, 50 So.2d 792; York v. State, 34 Ala.App. 188, 39 So.2d 694; Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4.

Over timely objections the court permitted the State to prove some circumstances relating to a burglary that was committed on the same night in the city of Tuscumbia. This evidence tended strongly to connect the appellant with the commission of this offense.

■ The principle here controlling is well expressed in 20 Am.Jur., Evidence, p. 292:

"The general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person upon trial for a criminal offense is subject to a well-defined exception with respect to proof of the identity of the accused. The broad rule is that where evidence tends to aid in identifying the accused as the person who committed the particular crime under investigation, it is admissible, in spite of the fact that it tends to show that the accused is guilty of other crimes for which he is not on trial. This rule is applied in a wide variety of cases, such as arson, burglary, homicide, larceny, liquor law violations, robbery, and many other instances."

See also, 22 C.J.S., Criminal Law, § 691(f), page 1118.

■ The appellate courts of this state have had *many* occasions to review the question of the propriety of proof of other similar offenses.

Our diligent search has led us to only one case in which the crime of burglary

was involved. This case, Mason and Franklin v. State, 42 Ala. 532, is strikingly analogous in factual foundation to the cause at bar. The conclusion reached by the Supreme Court is summarized in the first headnote:

"When a defendant is on trial for burglary, evidence of other criminal acts than those charged in the indictment may be received, where it is necessary to prove a guilty knowledge, to establish identity, to make out the res gestae, or to make out a chain of circumstantial evidence of guilt, in respect to the act charged."

This authority has been cited and its doctrine adopted by the appellate courts of this state in many subsequent opinions.

In the case of Gibson v. State, 14 Ala. App. 111, 72 So. 210, Judge Pelham writing for this court pointed out that, if the evidence relied upon for a conviction is circumstantial and not positive and direct, the rule in the Mason and Franklin case, supra, should be followed.

Other authorities worthy of note are: Sellers v. State, 98 Ala. 72, 13 So. 530; Jackson v. State, 18 Ala.App. 259, 89 So. 892; Gardner v. State, 17 Ala.App. 589, 87 So. 885; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581.

Annotations of the views of appellate courts in other jurisdictions may be found in 3 A.L.R. 1545–1547 and 22 A.L.R. 1018.

See also, Wolff v. People, 123 Colo. 487, 230 P.2d 581; Commonwealth v. Segers, 167 Pa.Super. 642, 76 A.2d 483; People v. Mead, 50 Mich. 228, 15 N.W. 95.

The appellant and a companion were arrested on the night of the burglaries. The arrest was made in Tuscumbia near the burglarized building in this city. At the time the companion was carrying a paper bag containing some tools, among them was a broken-point screwdriver. The claim was made to the officers that the contents of the bag were to be used on a fishing trip.

The description of the breaking of the building in Tuscumbia indicated that a broken-point screwdriver was used.

Proof of the circumstances incident to this burglary tended to contradict the appellant as to the claimed use to be made of the tools in the sack.

We think that the evidence of instant concern was admissible also on this legal theory. This was the effect of the holding of the Illinois court in Williams v. People, 196 Ill. 173, 63 N.E. 681.

It appears that a scar or rub of the green paint finish near the point of entrance to the Tuscumbia building was observed by the officers. When the appellant was arrested, green paint was seen on one of his shoes. A witness was permitted to state that the paint marks on the shoe had the appearance of the same color or shade of green as was observed on the building. This was a statement of an impression of a collective fact. 6 Alabama Digest, Criminal Law, ☞ 451; 9 Alabama Digest, Evidence, ☞ 473.

A witness was permitted to describe certain marking made by tool prying at the place of entrance to the building. The objections took the position that this related to a commission of a crime for which the appellant was not being tried. As we have illustrated herein above, there is no merit in this insistence.

Forthwith after the appellant and his companion were arrested, one of the officers returned to a place on a street in Tuscumbia where he had formerly observed a Buick automobile carrying a Jefferson County tag. The officer followed the car at a high rate of speed to Sheffield. There the driver of the Buick jumped out and escaped. Various articles were found in the abandoned automobile, among them some burglary tools, a slide, and a carriage suitable for the purpose of conveying iron safes.

The appellant resided in Birmingham, Alabama. The Buick car was claimed by a resident of this city.

We gather from the record evidence that the theory of the State was that the defendant and several other persons journeyed from Birmingham to Florence and Tuscumbia for the purpose of committing acts of burglary.

The evidence relating to the chase of the Jefferson County car and the articles found therein constituted a link in the chain of circumstances which was conducive to proof of a pertinent hypothesis.

■ It is a legal truism that in the reception of circumstantial evidence much must be left to the intelligent discretion of the presiding judge and the rule permits a very wide latitude in the scope of this character of proof. The question of concern in such matters is whether the proof of a circumstance, if taken in connection with all others, will warrant the jury in drawing a logical inference relative to the guilt of the accused.

The evidence of instant review came within the scope and influence of this well known rule.

■ The officers searched the Birmingham residence of the owner of the Buick car. There they found some pieces of lumber which compared in size to that used in the construction of the skid and conveyance which were found in the car when it was searched in Sheffield. Over objections, the State introduced these in evidence.

Frankly, we do not see how these exhibits added very materially to the factual issues. They are not before us for inspection or examination. They are described in the record as "six pieces of pine 2 X 4."

If it be conceded that they were improperly allowed in evidence, we are not prepared to hold that the defendant was harmed by the introduction. Supreme Court Rule 45.

■ During the course of the trial proceedings an officer was being interrogated with reference to a statement appellant made after his arrest. In this aspect the record discloses:

"Q. Tell what he said? A. I am sure that one of the things that Whitley said was that he would like to go on and plead guilty to the possession of the burglary tools and pay the fine or whatever it was and get out of town and back to Birmingham.

"Defendant objects and moves to exclude that statement because it is illegal, irrelevant, incompetent, and immaterial.

"By the Court: The motion is sustained. Gentlemen, that statement allegedly made by the defendant, Whitley, is excluded on this ground, that even though he might have said he wanted to plead guilty, that wasn't acknowledging that he was really guilty; he might be saying something in order to get rid of a case. A statement of that kind is admissible if it is an indication of guilt, but if it is an indication of wanting to get rid of a case, it is not a circumstance of guilt. Please don't consider that.

"The defendant moves the court for a mistrial because of that statement and asks that the case be continued. Motion overruled. Defendant excepts.

"By the Court: Gentlemen, don't consider that last statement when you deliberate about what your verdict will be."

Without dispute in the evidence when the defendant and his companion were arrested the latter was carrying a sack containing some tools which could have been used in committing burglary. The court and jury were apprised of these facts prior to the incident of concern. Clearly the defendant was not entitled to an order of mistrial because of the statement of the witness quoted above.

■ In his argument to the jury the prosecuting officer stated: "These men are big-time operators from Birmingham." The court sustained the objections of appel-

lant's attorney and instructed the jury to disregard the statement. He denied the motion for a mistrial.

Clearly there is no basis for error here. Under the evidence the court could have overruled the objections without violating the rule applicable to argument by counsel.

The questions to which we have not responded do not merit any comment.

The judgment below is ordered affirmed.

Affirmed.