Carson **LOWERY**

v.

**STATE.**

**8 Div. 742.**

Court of Appeals of Alabama.

June 26, 1956.

J. W. Sherrill, Jr., Decatur, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of arson in the first degree and was sentenced to the penitentiary for a term of ten years.

It is undisputed in the evidence that a house owned by one Ellis Murphy, occupied as her home by Mrs. Minnie Hill and members of her family, was completely destroyed by fire on Monday, August 23, 1954.

For the State, James Henry Brown testified he spent the night preceding the fire at appellant's home. Witness and appellant drank home-brew until late in the night and during their conversation appellant asked Brown to do a job for him, which was to "burn Mrs. Hill's home." Brown refused. The next morning Brown and appellant started to walk to appellant's relative's house, traveling a road leading past the Hill residence. Upon reaching the home of Mrs. Hill, appellant telling Brown he had a little job to do, entered the house and Brown continued to walk down the road and in fifteen to twenty minutes appellant caught up with him and stated that he had done the job. About half a mile further down the road they were given a ride by Mr. M. B. Robinson who took them as far as Mt. Zion Church.

Mr. Robinson testified when he picked up Brown and appellant he had just passed the Hill home and had seen that it was burning. When he told them the house was afire, they said it wasn't afire as they passed it.

Billy Robinson testified, after proper predicate, that some two or three weeks after the house burned he had a conversation with defendant in which defendant said "God knowed he didn't burn it," and then became mixed up and said, "God knew he did," and said, "no, no, no, God knows I didn't." Defendant was drunk at the time and brought up the subject.

Mrs. Hill's fifteen year old son, Louie, testified that some two or three weeks after the fire defendant told him, "he burned our house and was going to do more if I didn't stay off his premises."

Mrs. Minnie Hill testified that a short time before the house burned she followed her young son to appellant's house. On that occasion she requested appellant not to sell her son whiskey or home-brew. Appellant said he "wouldn't sell him any, but he would give him all he wanted to drink." She also stated she swore out a warrant for appellant's wife on a charge of disorderly conduct.

For the defendant, Chester Hogan, a deputy Sheriff, testified he was present when appellant and James Brown were questioned by the Fire Marshal, and heard Brown tell the Fire Marshal he didn't know who set the house afire.

The appellant denied that he told Brown he wanted him to burn Mrs. Hill's house; denied that he left Brown's presence at any

time on the road; denied that he set fire to Mrs. Hill's home. He also denied making the statements attributed to him by Billy Robinson and Louie Hill. He stated that he had had no trouble with Mrs. Hill, but that she had his wife arrested. He also denied telling Billy Robinson that "The damned old son-of-a-bitch turned me in and had my still tore up."

In rebuttal Billy Robinson testified defendant did make such statement to him concerning Mrs. Hill.

Appellant contends in brief that the evidence fails to establish the corpus delicti, and is not sufficient to sustain the verdict of the jury.

■ The corpus delicti in arson consists first of a building burned; and second, that it was wilfully fired by some responsible person. "Burning by accidental and natural causes must be satisfactorily excluded, to constitute sufficient proof of the crime." Carr v. State, 16 Ala.App. 176, 76 So. 413.

Brown testified appellant entered the house about 9:30 or 10 o'clock. There was evidence the flames were first seen about 10:30 Monday morning. Mrs. Hill testified there had been no fire in the house since 11 o'clock Sunday. She and the other members of her family left home by truck at 6 o'clock Monday to go to pick cotton in a field back of the Mt. Zion Church, a mile and a quarter from her home, and were in the field when Mr. Robinson came to notify them of the fire. Billy Robinson stated he first passed the house about 7:15 on Monday morning, and again at 8:00 or 8:30. He saw nobody at home on either of these occasions and saw no signs of smoke or fire around the place.

■ The guilt of the defendant may be established by circumstances as well as by direct evidence. Cunningham v. State, 14 Ala.App. 1, 69 So. 982; White v. State, 26 Ala.App. 245, 157 So. 263; McDonald v. State, 165 Ala. 85, 51 So. 629; Bluestein v. State, 50 Ga.App. 580, 178 S.E. 423; 6 C.J.S., Arson, § 38, p. 759.

■ In Whatley v. State, 37 Ala.App. 706, 75 So.2d 182, we quoted the court's statement in Pickens v. State, 115 Ala. 42, 22 So. 551, as to the test of the sufficiency of circumstantial evidence. We are of the opinion the evidence here adequately meets said test.

It is also insisted in brief that the verdict of the jury was based upon the uncorroborated testimony of James Henry Brown, who, defendant contends, was an accomplice, contrary to the provisions of Title 15, § 307, Code.

■ Before the prohibition contained in said Code section can be invoked, it must first clearly appear that the witness was an accomplice, and if this is left in doubt or is uncertain it becomes a question to be determined by the jury and not by the court. Moore v. State, 15 Ala.App. 152, 72 So. 596; Sweeney v. State, 25 Ala.App. 220, 143 So. 586; Horn v. State, 15 Ala. App. 213, 72 So. 768; Kornegay v. State, 33 Ala.App. 338, 33 So.2d 405.

Even if the jury had concluded that Brown was an accomplice, his testimony was sufficiently corroborated to sustain the conviction.

Under all the evidence the defendant was not due the general affirmative charge, nor did the court err in overruling the motion for a new trial based on the insufficiency of the evidence to sustain the verdict.

■ Requested charge 6 does not state a correct proposition of law. Anderson v. State, 19 Ala.App. 120, 96 So. 634, certiorari denied 209 Ala. 489, 96 So. 636; McDowell v. State, 238 Ala. 101, 189 So. 183; Wilson v. State, 243 Ala. 1, 8 So.2d 422; Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885.

Refused charges 3 and 11 were covered by the court's oral charge. Title 7, § 273, Code 1940.

Charge 13 was a mere statement of legal principle without instruction as to its ef-

508

fect upon or application to the issues in the case. Holloway v. State, 37 Ala.App. 96, 64 So.2d 115.

Charge 12 was properly refused. To constitute arson it is not required that the building named completely burn down. The statute denounces the act of wilfully setting fire to or burning the building. Title 14, § 23, Code 1940.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.