171 So.2d 845

Jimmie **BRANNON**

v.

**STATE.**

4 Div. 506.

Court of Appeals of Alabama.

Aug. 18, 1964.

Rehearing Denied Oct. 20, 1964.

Boswell & Smith, Geneva, for appellant.

Richmond M. Flowers, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Legal Research Aide, for the State.

JOHNSON, Judge.

On November 1, 1962, the appellant, Jimmie Brannon, was indicted by the Grand Jury of Geneva County, Alabama, for the offense of assault with intent to murder Deputy Sheriff L. D. Sizemore. He was tried, convicted, and sentenced by the court to a term of five years in the penitentiary and it was ordered by the court that the sentence be suspended pending the determination of the appellant's application for probation. On January 29, 1964, appellant gave notice of appeal to this court.

According to the testimony of C. W. Hall, at about midnight of May 5, 1962, when he attempted to turn on to the Kalamazoo Road in the City of Samson, he saw a "city car" chasing another car and the car that was being chased almost hit the front of his car. He further testified that he changed his direction and "got into the chase" and at about the shirt factory or the B & B Drive-In, "they shot at the patrol car twice". He stated that he was about seventy-five yards behind and that he dropped back when the first shot hit the front of the patrol car around the windshield. Hall testified also that when the second shot was fired he used his radio to get in touch with Florida law officers and was able to contact Deputy Sheriff L. D. Sizemore who stated that he was between Hall and the Florida line. Hall told Sizemore by radio that he was chasing a car that shots had been fired from and gave him a description of the car.

Sizemore testified that he was standing outside his patrol car when someone in the car being chased by Hall shot at him as it passed by. He then chased this car toward the Florida line to where there was a blinker light on Highway 81. Hall testified that he did not see the shot fired at Sizemore and that his car was running about 100 miles per hour in the chase.

Edna Ruth Watson stated that she went to a dance at Samson, Alabama, on May 5, 1962, with John Tommy Arant and several others and that Arant got drunk and had a fight with the Samson police and that they locked him up. Miss Watson was accused by Circuit Solicitor Boswell of becoming a hostile witness toward the State and evading several questions asked her by the solicitor. The court granted permission for the solicitor to proceed with his examination of Miss Watson as a hostile witness. Witness Watson admitted that the boy with them had a shotgun and shells and that he went to a house and got more and that he did some shooting. Miss Watson also admitted that the same person gave her $15.00 to get Arant out of jail and that he said, "I've got something here that will get him out of jail if that won't do it." She refused to admit or deny that this person was the appellant.

Mr. J. E. Phillips testified, in part, as follows:

"Q. Mr. Phillips, do you know the defendant, Jimmie Brannon, here?

"A. Yes, sir.

"Q. On the night of May 5th or early morning of May 6th of last year, when there was some shooting around Samson, did you see him?

"A. I don't recall the night, but recall the night he come there and got me up.

"Q. About what time of the night was that?

"A. About 12:30.

"Q. Were you awake or asleep at that time?

"A. Sleep.

"Q. Where did you live at that time?

"A. Lived at Darlington, right where I live now.

"Q. And then did you get up and talk with him?

"A. I got up, went to the door and turned the porch light on.

"Q. Did you have a conversation with him?

"A. Yes.

"Q. Tell the jury what that conversation was.

"A. Well, he asked me to unfasten the screen and let him in. He said— 'I shot a fellow in Samson.' I said— 'What do you want here, what do you want to get in here for?' He said— 'He wanted some shells.' I said—'I don't have any shells, that I only had a rifle.' He asked me if I would go get Herbert Ward, and I said—'Go yourself.' I said—'Jimmie, you didn't do what you said you did.' He said— 'Yes I did'. I said—'Who is with you?' He said—'Harvey D. Arant and two women.' And that is what he said, then he left and went to Herbert's.

"Q. Did he say anything that he did?

"A. Said he shot a fellow at Samson, and said he shot in a patrol car and didn't know if he hurt anybody or not.

"Q. Said he killed a fellow?

"A. At Samson.

"Q. Did he say where his car was?

"A. He said Harvey D's car was close to the Missionary Baptist Church."

No evidence for the defense was offered and, after the State rested its case, the defense made a motion to exclude all of the evidence offered by the State upon the grounds that (1) "evidence insufficient to convict" and (2) "the State failed to carry the burden imposed upon it by law." The motion was denied. The jury, upon consideration of the evidence, found the appellant guilty as charged and the court thereafter sentenced him to the penitentiary for a period of five years.

The evidence presented against appellant by the State of Alabama was circumstantial and the appellant contends that such was insufficient for a conviction because of the lack of direct testimony that he committed the crime. It is well recognized that the guilt of a defendant may be established by circumstances as well as by direct evidence. Lowery v. State, 38 Ala. App. 505, 88 So.2d 854; Cunningham v. State, 14 Ala.App. 1, 69 So. 982; White v. State, 26 Ala.App. 245, 157 So. 263; McDonald v. State, 165 Ala. 85, 51 So. 629.

Direct testimony conclusively showing the appellant as the person who fired the shot is not required in a trial for assault with intent to murder. In such a prosecution as here the circumstances may well establish a jury question as to who fired the shot. Grimes v. State, 31 Ala. App. 336, 17 So.2d 288.

We feel that the evidence was sufficient for the trial court to deny the appellant's requested affirmative charge and his motion to exclude. Authorities, supra.

This cause is due to be and the same is hereby

Affirmed.

CATES, J., dissents.