276 So.2d 640

**Billy McGULLION**

v.

**STATE.**

**7 Div. 165.**

Court of Criminal Appeals of Alabama.

April 17, 1973.

---

**56**

Jerry B. Oglesby, Anniston, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

L. S. MOORE, Supernumerary Circuit Judge.

The indictment charged that the appellant did buy, receive, conceal, or aid in concealing one Pontiac Catalina automobile of the value of $3,000.00, the personal property of Otis C. Duvall knowing that the same had been stolen, or having reasonable grounds for believing same had been stolen, and not having the intent to restore it to the owner. The appellant's trial resulted in a verdict of guilty as charged in the indictment. Judgment was entered in accordance therewith and appellant was sentenced to imprisonment in the penitentiary for seven years. Hence, this appeal.

Otis C. Duvall, Jr., testified in substance that he owned a 1970 two door hardtop Catalina Pontiac automobile on October 19, 1971; that he had purchased a 1972 tag for this car in Russell County; that the automobile had a green body with a black vinyl top; that it had a market value of approximately $3,000.00; that on October 19, 1971, he parked the car in a church parking lot in Homewood, locked the doors, put the keys in his pocket, and left the car there about 7:00 A.M. and went to work about one hundred yards from where it was parked; that he got off work at 3:30 P.M. that day and went to the parking lot where he had parked the car and it was gone; that he had not sold or lent the car, or given anyone permission to move it; that he notified the police and that he had not seen the car since that time; that the tag number on the car was 57–5198; and that the 57 was for Russell County.

Ernest Hardegree, a State Investigator with the Department of Public Safety, testified in substance that on October 19, 1971,

he was in the general area of Bells Mill in Cleburne County where he was stationed at a farm; that he arrived there about 9:00 A.M.; that he was concealed and about fifteen feet off the road; that he could see from where he was up to the house and to some chicken houses on the farm; that at about 10:50 A.M. a blue Chevrolet pickup truck driven by Jackie Tant and a white Oldsmobile driven by Hugh Gray Whistenant, both of whom were known to him, came by him and turned into the farm and proceeded up a lane toward a barn; that both of these people lived in Anniston; that at 1:09 P.M. a 1970 Pontiac Catalina driven by the appellant, with a green body and a dark vinyl top and a license tag numbered 57–5198, passed him; that it had two doors; that the appellant drove this car up to the farm gate, got out, opened the gate, drove the car through it, got out again, closed the gate and drove the car down the lane toward the barn; that at 1:20 P.M. the appellant came from down the lane from the direction of the barn in a white Oldsmobile, came through the same gate and passed him; and that he knew and had seen appellant before this date.

Albert Henry Clifton, a State Trooper, testified in substance that he participated in the investigation at this farm on October 19, 1971; that he arrived there about noon on that date; that he stationed himself directly behind the barn on the farm; that he could clearly see the barn and that he used binoculars to observe things in and around the barn; that Sergeant McDowell was stationed there with him; that when he got there, there were no vehicles down at the barn; that he could see a blue Chevrolet pickup truck and a white Oldsmobile at a house some distance from the barn at that time; that shortly after 1:00 P.M. he saw a 1970 green Pontiac come down the lane leading to the barn, go around behind the barn and into the barn with its rear facing out the door; that he saw the appellant get out of the car after he stopped it in the barn and walk to the

house; that he knew the appellant then and pointed him out in court; that after the appellant got to the house he got into the Oldsmobile and left; that about 10:00 A.M. that morning he had seen Hugh Gray Whistenant driving the Oldsmobile in Anniston and that at that time Jackie Tant was following him in a blue Chevrolet pickup truck.

Trooper Clifton further testified that he remained stationed at the rear of the barn and at about 1:30 P.M. Jackie Tant and Hugh Whistenant came to the barn and disassembled the Pontiac automobile; that he knew these two men; that he could see the license tag on the car and that it was a 1972 Alabama tag numbered 57–5198; that they took the back half of the body off the car and Tant carried it away in the blue Chevrolet pickup truck; that Whistenant remained in the barn and took the motor out of the car; that the next morning he was back in his place of concealment and saw Whistenant and Tant load the entire rear end drive-shaft and motor on a red Ford pickup truck and leave the farm with Whistenant driving the red Ford pickup truck and Tant driving the blue Chevrolet pickup truck; that this witness, Lawrence Waldrep, and F.B.I. Agent Jay Miller in an automobile followed the red Ford pickup truck driven by Whistenant to a garage located on Highway 431 in Cleburne County. See companion case of Whistenant v. State, 50 Ala.App. 182, 278 So.2d 183.

Roy McDowell, a State Investigator, testified that on the occasion in question he saw appellant drive the Pontiac into the barn and leave the farm; that he saw the tag on the car and it was numbered 57–5198; that he later got the tag out of the. river by using a magnet; that he identified the tag in court; and that it was admitted into evidence.

Jimmy Johnson testified that on the morning of October 19, 1971, at about 9:00 A.M., he was parked at the intersection of Highway 21 and I–20 near Oxford and saw appellant riding in a car driven by Jimmy Haynes and that he followed this car to Birmingham but lost it in the traffic near Eastwood Mall.

The evidence in this case further shows that Jimmy Haynes owned and operated the garage to which the parts of the Pontiac Catalina were taken; that Haynes was in the business of rebuilding wrecked automobiles; and that his employees took the parts of said Pontiac and put them into a rebuilt automobile at that garage.

The appellant in his brief makes only one complaint. He contends that the evidence in this case was entirely circumstantial and that it was insufficient to sustain a conviction. It is unnecessary for us to separate the circumstantial evidence from the positive evidence. However, we do not agree that it was all circumstantial.

The appellant did not make a motion to exclude the evidence, the affirmative charge was not requested, and a motion for a new trial was not made. The question posed by the appellant's complaint was not raised in any manner in the trial court. It comes too late, being made for the first time on this appeal.

However, since this appellant is indigent we shall address ourselves to the question raised.

The evidence shows without conflict that the car was stolen on October 19, 1971, in Homewood, in the Birmingham area; that the appellant left Anniston and went to Birmingham that morning; that he made the trip to Birmingham with Jimmy Haynes, the very person to whom the disassembled parts of the care were delivered at his garage on Highway 431; that the appellant was seen driving and delivering the car into the barn where it was taken apart; and that the persons who took it apart and delivered it to Haynes' garage took possession of it on its delivery to the barn.

In Booker v. State, 151 Ala. 97, 44 So. 56, the Court said:

"It is undoubtedly true that, in order to sustain a conviction for receiving stolen property, the defendant must be shown to have had a control over the property. But our statute is broader than the common-law offense, and makes the person who conceals or aids the thief in the concealment of the property stolen equally guilty with him who receives such property. Under the testimony it was open to the jury to find that a portion of the property described in the indictment was stolen; that it was received by defendant after being stolen, and concealed in the woods; or that he aided in so concealing it, knowing that it was stolen. . . ."

The facts in the instant case clearly coincide with the above pronouncement of the law. The appellant was found in the possession of the automobile and it had been recently stolen. He offered no explanation. He certainly aided in the concealment of the automobile. He drove it inside the barn on a farm in a remote rural area, delivered it to the persons who disassembled it, and delivered the parts to a garage where they were placed in a car and the car repainted.

In Lowery v. State, 38 Ala.App. 505, 88 So.2d 854, it is said:

"The guilt of the defendant may be established by circumstances as well as by direct evidence. Cunningham v. State, 14 Ala.App. 1, 69 So. 982; White v. State, 26 Ala.App. 245, 157 So. 263; McDonald v. State, 165 Ala. 85, 51 So. 629; Bluestein v. State, 50 Ga.App. 580, 178 S.E. 423; 6 C.J.S. Arson § 38, p. 759."

■ We are of the opinion that the evidence in this case adequately meets the test of the sufficiency of circumstantial evidence. We are also of·the opinion that there was also direct evidence connecting the appellant with the offense.

There was substantial evidence of the guilt of the appellant and a jury question was made out and the jury decided the question against the appellant. We will not disturb the verdict.

We have searched the record and find no error therein.

It is ordered and adjudged by this Court that the judgment in this cause be affirmed.

The foregoing opinion was prepared by L. S. MOORE, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Affirmed.

All the judges concur.