292 So.2d 135

**David DUCHAC**

v.

**STATE.**

**3 Div. 226.**

Court of Criminal Appeals of Alabama.

Jan. 2, 1974.

Rehearing Denied Jan. 29, 1974.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Kent Brunson, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted by a jury of burglary in the second degree and sentenced by the court to imprisonment in the penitentiary for ten years.

According to the evidence, about 7:00 A.M. of November 12, 1971, it was discovered that some time the night before there had been a breaking and entry into a store of Hudson-Thompson, Inc., in Montgomery. Two holes had been knocked in its roof and ceiling. The top part of a safe in the store had been knocked off. Such part or section of the safe had been customarily used for keeping large sums of money, but the money had been removed and placed in a bank when the store was closed the night before. There was some money in the other section of the safe, but such section was not entered. Although unsuccessful, it seems clear that the breaking and entry was with the intent to steal, and there is no contention on this appeal that the same did not constitute burglary. From the roof, where it had been broken through, some clippings were obtained from the mesh wire that had formed a part of the roof "to hold it together." The clippings, some of the debris "that had been a part of the ceiling that had come down" and the "safe head" of the safe that had been broken were delivered to the State Department of Toxicology and Criminal Investigation.

On the same night, about 4:20 A.M., there was a breaking and entry into a Big Bear store in Luverne. A police officer saw a man in the store "working at the safe." He was wearing a gray jacket or sweater with a hood on it. The police officer and his fellow officer went to the front of the store and ran to the back, where they found the back door open and that the man had left. Other officers were called and a search and investigation took place. Two sets of recent foot-tracks were found and followed but were lost after a short distance. Similar tracks were found at an old house place about 300 feet from Guy's Cafe. The distance between Big Bear and Guy's Cafe was approximately a half mile, according to one witness. A flashlight, a walkie-talkie and some cotton gloves were found at the tracks at the old house place.

At 7:30 A.M. the same morning, the police officers of Luverne arrested appellant and one Steve Hall in connection with the burglary of the Big Bear store. The arrest occurred as "the two fellows were standing just beyond it [Guy's Cafe] on a little old bridgeway there beside Highway 331." At the time, Hall was wearing a grayish looking sweater or jacket with a hood on it. There was testimony that Hall

and defendant had eaten breakfast that morning in Guy's Cafe and were in the cafe about an hour.

An investigation inside and outside the Big Bear showed that a hole had been knocked in the roof and one in the ceiling just below the hole in the roof; the front door was locked; the padlock at the back door had been "either prized or beaten off of the hasp." Some tools were found in the store, including a chisel that was stuck in the vault door of the safe, several other chisels, two sledge hammers and a pinch bar. Some of the chisels and tools were contained in a black leatherette bag. Upon examination of the area around the hole on top of the building, some human hair and some grayish type fibers were found. The tools and other equipment mentioned found in the building and the hair and fibers were turned over to the Alabama Department of Toxicology and Criminal Investigation.

Defendant—appellant testified that he was not in Montgomery at or about the time of the burglary of the Hudson-Thompson Store. He said he was in Mobile County that night, that he and Steve Hall and one Jim Hall had been working out of Nashville and had decided to go to Mobile on the 10th of November, stayed in Mobile all day the 10th and all day the 11th and decided to hitchhike back to Nashville at about 9:00 or 10:00 P.M., November 11; that they came through the tunnel and over the causeway and arrived at Old Spanish Fort about midnight; they caught several rides, and he and Steve Hall finally arrived at Greenville, where they caught a ride with a man in a Pontiac who said he was going to Montgomery. The man said he first had to go to Luverne. They arrived at Luverne about 6:00 A.M.; the man said he was going to take care of some business, dropped Steve Hall and defendant off at Guy's Cafe and said he would pick them up there when he got through with his business. They ate breakfast and stayed at the cafe about an hour and a half and decided to try to

hitchhike and were standing at the bridge when they were arrested for the burglary in Luverne. He said that while they were out of an automobile in Luverne he and Steve Hall stayed within 300 feet of the cafe all the time. He said he went up to the "old house place" but didn't see "that stuff there" and didn't put it there. He testified that he had been convicted in Tennessee of burglary in the second degree.

Jim C. Hall, uncle of Dave Hall, corroborated the defendant to the extent of testifying that the three had left Nashville going to Mobile looking for work; that they left Mobile the night of the burglary to return to Nashville, but after they passed over the causeway, he decided to go to Pensacola and he separated from his nephew and the defendant.

The State's case as to a connection between the defendant and the burglary involved, the burglary of the Hudson-Thompson store in Montgomery, was based largely on the testimony of Mr. James L. Small, a toxicologist in charge of the Montgomery Division of the State Department of Toxicology. He testified as to his examination and consideration of various exhibits admitted in evidence, as to which meticulous care had seemingly been taken to preserve their integrity as the identical, unchanged items that had been delivered to the Department of Toxicology. He said that he had examined the safe lock and plate from the Hudson-Thompson store and found chisel marks, indentures and microscopic scarrations thereon; that the larger chisel from the Big Bear store made a particular mark on the plate of the safe from the Hudson-Thompson store and that a smaller chisel from the Big Bear store made marks on the safe lock from the Hudson-Thompson store. He said he examined the wire clippings from the entry hole from the store that had been burglarized in Montgomery and found that they bore cotton fibers which were identical to the cotton fibers from the coat that others had identified as the coat worn by Dave

Hall at the time of his arrest. The witness testified as to several other objects admitted in evidence, some of which tended to show a connection between Hall and the Luverne burglary and one of which, a moulage of a shoe print, which the evidence showed had been made of one of the tracks found near the old house place in Luverne, the witness said had a similar sole design to a pair of shoes that others had testified were worn by defendant at the time of his arrest. The witness also testified that fiber from the material obtained from Hudson-Thompson and fiber found in the gloves found at the old house place in Luverne were identical.

■ Appellant challenges the sufficiency of the evidence to support a conviction. Notwithstanding all that can be and has been said in contrasting the relative merits of direct evidence and circumstantial evidence and the continued antipathy of some to circumstantial evidence as a sole basis for a conviction in a criminal case, there seems to be no exception to the principle that such evidence alone is sufficient to support a conviction. It has been so held and applied again and again to burglary cases. Washington v. State, 44 Ala. App. 516, 214 So.2d 867; Brannon v. State, 42 Ala.App. 564, 171 So.2d 845; Lowery v. State, 38 Ala.App. 505, 88 So.2d 845. The meandering of the main stream of the evidence in this case, as well as of those of some of its tributaries, has at times been difficult to follow, but upon full consideration thereof we have little difficulty in determining that a jury issue as to the guilt of defendant was presented by substantial evidence of his guilt of the crime charged in the indictment and that the court properly overruled defendant's motion to exclude the evidence and properly refused requested general affirmative charges in favor of defendant.

■ Appellant says that the trial court erred in allowing a witness, the chief of police of Luverne at the time of the burglary, to state what appellant said "be-fore having his Miranda rights read to him and after being a suspect in the case" and cites Butler v. State, 45 Ala.App. 666, 235 So.2d 915, which does not support appellant's contention in this respect. The record shows that the only question asked defendant and Dave Hall at the time involved (when they were standing at the bridge beside Highway 331 just before their arrest) was "where they were from, or something," to which "one of them said —I don't know, some place, Ohio or something." No Fifth Amendment rights of defendant were violated by such an inquiry. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The statement made was innocuous. Innocuous testimony furnishes no basis for a reversal. Bush v. State, 282 Ala. 134, 209 So.2d 416.

■ Appellant here complains, as he did on the trial, that the trial court was in error in allowing the prosecution to introduce physical evidence and testimony as to the burglary in Luverne, and cites Skinner v. State, 36 Ala.App. 434, 60 So.2d 363. *Skinner* is inapposite, as referable to the general rule (not to any of the exceptions) of inadmissibility of evidence of other offenses. On the other hand Whitley v. State, 37 Ala.App. 107, 64 So.2d 135, is to the precise point, in that it was a burglary case, bore marked factual resemblance in many respects to this case, and held that evidence of other offenses was admissible, quoting Mason and Franklin v. State, 42 Ala. 532, another "strikingly analogous in factual foundation" case, as follows:

"When a defendant is on trial for burglary, evidence of other criminal acts than those charged in the indictment may be received, where it is necessary to prove a guilty knowledge, to establish identity, to make out the res gestae, or *to make out a chain of circumstantial evidence of guilt,* in respect to the act charged." (Emphasis supplied).

■ Error cannot be based upon the court's refusal of requested charges that

were covered by the court's oral charge or in other charges given at the request of defendant. Downs v. State, 45 Ala.App. 415, 231 So.2d 336. Refused Charge No. 4 was covered by a portion of the oral charge and given Charge No. 10. It was also covered substantially by given Charge No. 6. That part of refused Charge No. 12 to which defendant could conceivably have been entitled as an instruction, is better stated in given Charge 11, and is stated therein as favorably to defendant as principles controlling in *Whitley,* supra, justify.

 Defendant's refused Charge No. 9, requiring an acquittal "if the conduct of the defendant upon a reasonable hypothesis is consistent with defendant's innocence.", is the same as Charge 52 in Foster v. State, 37 Ala.App. 213, 66 So.2d 204, as to which it was held:

"Our study of the authorities leads to the conclusion that in the earlier cases the appellate courts did not have a tendency to condemn written instructions because they were not based on the evidence. Charge 52 in the case at bar does not contain this hypothesis. Even so, it was approved in the following cases: Gregory v. State, 140 Ala. 16, 37 So. 259; Brown v. State, 118 Ala. 111, 23 So. 81; Howard v. State, 151 Ala. 22, 44 So. 95; Wilson v. State, 14 Ala.App. 87, 71 So. 971; Baker v. State, 19 Ala.App. 437, 97 So. 901; Clayton v. State, 23 Ala.App. 150, 123 So. 250.

"In the more recent cases the appellate courts seem to be committed to the view that a written charge which is not hypothesized on the evidence may be properly refused. For this reason charge 52 in the instant case was disapproved in: Baker v. State, 210 Ala. 320, 97 So. 903; Deloney v. State, 225 Ala. 65, 142 So. 432; Wood v. State, 17 Ala.App. 654, 88 So. 28; Rountree v. State, 20 Ala.App. 225, 101 So. 325; Du Bose v. State, 19 Ala.App. 630, 99 So. 746; and Morgan v. State, 20 Ala.App. 331, 102 So. 236."

We have considered and have hereinbefore discussed all of the contentions of appellant on this appeal. Mindful of our duty under Title 15, § 389, Code of Alabama 1940, we have also made a search of the entire record and have found no prejudicial error therein. The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

The judgment below is hereby

Affirmed.

All the Judges concur.