BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was convicted of murder in the first degree and sentenced to life imprisonment. He was a minor (20 years old) and an indigent.
We note that he filed a petition to be treated as a Youthful Offender. The petition was denied. He was then tried as an adult.
It appears that the mother of defendant and the homicide victim were living together under guise of common law man and wife. This companionship had been going on for four years.
The mother complained to her son, appellant-defendant, about severe mistreatment on the part of the victim and that he wouldn’t let her in the house. Defendant, with a pistol in his possession, went back to his home from a neighbor’s house, where he had obtained the pistol, and soon thereafter, a pistol was fired, and the victim was the companion of his mother. Defendant contended it was an accident. The evidence was sufficient to present a jury question as to guilt vel non of defendant as charged, namely, murder in the first degree, or of a lesser homicidal charge embraced in the indictment.
I
Appellant contends that the trial court erred in refusing a written charge as follows:
“The court charges the jury that a person charged with a felony should not be convicted, unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt; no matter how strong the circumstances are they do not come up to the full measure of proof which the law requires if they can be reasonably reconciled with the theory that some other person committed the act charged in the indictment.”
This charge is not based on the evidence. Hence, the court cannot be put in error for refusing it. Duchac v. State, 52 Ala.App. 327, 292 So.2d 135(8); Foster v. State, 37 Ala.App. 213, 66 So.2d 204.
II
Appellant also complains that the trial court erroneously permitted the state’s counsel to argue that the accused failed to produce a certain witness who was equally available to the state.
 We have carefully read and considered the colloquy where this alleged error was objected to. We conclude that the objection was made by defendant’s counsel to an anticipated argument and not to an existing argument to that effect. The record certainly isn’t clear as to this point. Such objection to improper argument of *209 solicitor must be specific. Jordan v. State, 32 Ala.App. 172, 24 So.2d 138(5). Remarks deemed objectionable should be fully quoted, or substantially so, in an objection to argument. Title 13, Section 262; McClary v. State, 291 Ala. 481, 282 So.2d 384(2).
We find no prejudicial error in the record.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Retired Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; has opinion is hereby adopted as that of the Court.
AFFIRMED.
All Judges concur.